J. H. Akin v. The Board of Commissioners of Riley County, *et al.*

Public Road; *Opening, Not Enjoined.* Where a public road has been properly petitioned for, located, surveyed, and ordered to be opened by the board of county commissioners of the county, a resident landowner who has presented his claim for damages to the viewers at the time of their meeting to view the road has filed a remonstrance before the board against the location of the road, and subsequently has made a general appearance before the board to resist its location, cannot maintain an action to perpetually enjoin the opening of the road upon the ground that all the notices provided for in § 3, chapter 89, Comp. Laws of 1879, have not been given as therein prescribed.

*Error from Riley District Court.*

On April 8, 1885, L. Newell and twelve other householders of Riley county presented to the board of county commissioners of that county a petition for the laying out of a public road. Subsequently other proceedings were had, which resulted in the board ordering the road opened as located and surveyed. On June 5, 1886, *J. H. Akin* brought this action against the board of county commissioners of Riley county and others to perpetually enjoin the opening of the road. On the same day a temporary injunction was allowed in the action by the district judge of Riley county. On June 28, 1886, the defendants filed their answer, and on July 7th the plaintiff filed his reply. At the September Term, 1886, the cause came on to be heard before the court, a jury being waived. The court made the following special findings of

fact upon an agreed statement of facts submitted by the parties:

"1. The plaintiff, J. H. Akin, at the time of bringing this suit, was the owner in fee simple of the following-described real estate in Zeandale township, Riley county, Kansas, to wit: The north half of the southeast fourth of section thirty-two, of township ten south, of range nine.

"2. He was a resident of said township, and was such resident in the years 1884, 1885, and 1886.

"3. Zeandale township, Riley county, Kansas, is one of the municipal townships of said county.

"4. The defendants are the officers, as alleged in plaintiff's petition.

"5. On the 15th day of April, 1885, a petition for a public road, signed by L. Newell and more than twelve other householders of Riley county, Kansas, residing in the vicinity of the road prayed for, was presented to the board of county commissioners of Riley county, Kansas, praying for a public road; of which a true copy is attached to plaintiff's petition.

"6. The line of said road runs through the said land of said plaintiff, J. H. Akin.

"7. Said board of county commissioners on the 15th day of April, 1885, in regular session, ordered a survey and view of said road, and caused the following entry and order to be made by the county clerk of Riley county on their journal: 'A petition asking for the location of a road in Zeandale township, signed by L. Newell and others, was presented to the board. The board finding the petition a legal one, accepted it, and appointed S. J. Yenawine, J. E. Swingle and C. W. Kimball, viewers, to meet at the place of beginning on June 16, 1885, at 10 o'clock A. M.'

"8. Said road runs through the municipal township of Zeandale only.

"9. The county clerk of Riley county, Kansas, did not post up, or cause to be posted in said Zeandale township, any notice of the time and place of meeting for the said view and survey of said road, before the said view and survey, or at any time; and further, no such notice was posted by anyone, as prescribed by § 3 of chapter 89 of the revised statutes of Kansas.

"10. The county clerk of Riley county did not post or cause to be posted up in his office, any notice of the said view

and survey prior thereto, except in this, that he, the said county clerk, did keep the complete file of the *Manhattan Republic*, a newspaper printed at Manhattan, Kansas, and of general circulation throughout the county of Riley and Zeandale township, and the official county paper, and in which the notice prescribed to be published was published of such view and survey, on and in the issue of May 7th, 1885, and of May 14th, 1885, as follows, to wit: 'Take notice, that a legal petition was presented to the board of county commissioners of Riley county, Kansas, at their regular meeting held April 15th, 1885, asking for the appointment of viewers to locate a road, beginning at the N.E. corner of section 8, town 11, range 9, and running north one-half mile to the N.E. corner of the S.E. $\frac{1}{4}$ of sec. 32, town 10, range 9; thence west one-fourth mile to intersect the road now running through the N.E. $\frac{1}{4}$ of said section 32, or as near this line as practicable; that said board of commissioners have appointed S. J. Yenawine, J. E. Swingle, and C. W. Kimball, as viewers to meet at the place of beginning of the proposed road, on the 16th day of June, at 10 o'clock A. M., to view said road as petitioned for, at which time and place all parties interested may attend and have a hearing. By order of the board of county commissioners. Attest: F. A. Schermerhorn, County Clerk; per O.C. Barner, Deputy,' hanging up on a hook immediately behind and at the side of the door in his office, but said notice was at no time cut from said paper and posted up in a conspicuous place in his office.

"11. At the time and place appointed by the board of county commissioners for the view of said road, the plaintiff, J. H. Akin, was present, and handed to the viewers his claim for damages in writing, for the sum of $125.

"12. At the meeting of said board of commissioners, at the January term, 1886, the said J. H. Akin appeared before the board and fought the location of said road, and objected thereto, and he appeared in person and did not have an attorney.

"13. Plaintiff, J. H. Akin, has never accepted the damages allowed by the orders of said board of commissioners, and has refused at all times to accept the results of their actions, and to accept the damages allowed to him, and has at all times to bringing this suit, denied the right of said board to locate said road.

"14. The following is a true copy of all record entries pertaining to this road on the journal of the board of county

commissioners of Riley county, kept by the county clerk of said county, to wit: (At April term, 1885:) 'A petition asking for the location of a road in Zeandale township, signed by L. Newell and others, was presented to the board. The board, finding said petition was signed by at least twelve householders, and that it was a legal petition, accepted it, and appointed S. J. Yenawine, J. E. Swingle, and C. W. Kimball viewers, to meet at the place of beginning, June 16, 1885, at 10 o'clock A. M.'

"(At July term, 1885:) 'The viewers' report on road petition of L. Newell and others was laid over to next regular meeting.'

"(At October term, 1886:) 'The viewers' report on road petition of L. Newell *et al.* was laid over to next regular meeting.'

"(At January term, 1886:) 'The viewers' report on road petition of L. Newell was presented and accepted. The board ordered the road opened as located and surveyed. The following damages were claimed and allowed: Wm. Worrell claimed $30, and was allowed $28.50; L. R. Elliott claimed $37.50, and was allowed $25; E. Pillsbury claimed $125, and was allowed $32; Jno. McCormack claimed $100, and was allowed $68.25; Jos. Haines claimed $150, and was allowed $38; J. H. Akin claimed $125, and was allowed $47.25; Jas. McCormack claimed $50, and was allowed $23.62.'

"15. On the 7th day of July, 1885, there was presented to the board of county commissioners, by filing with the county clerk, a remonstrance against the location of the said L. Newell road, for reasons therein stated, signed by forty-five householders of Riley county, Kansas, among which signers was and is the plaintiff, J. H. Akin.

"16. The following is a full, true and complete record of all proceedings had by the said board of commissioners in the matter of the said road petition of L. Newell and others, the same being recorded in book 'B' of the road records of Riley county, Kansas, on page 104: 'Be it remembered that on the 8th day of April, 1885, a road petition was filed in the office of the county clerk of Riley county, Kansas, in words and figures, as follows, to wit: We, the undersigned resident householders of Riley county, Kansas, respectfully petition your honorable board to cause to be laid out and established a county road as follows, to wit: Beginning at the northeast corner of section 8, town 11 south, of range 9 east, and run-

ning north one and one-half miles to the northeast corner of the southeast quarter of section 32, town 10, range 9; thence west to intersect the road now running through the northeast quarter of section 32, town 10, range 9, or as near this line as possible.'

## "APPOINTMENT OF VIEWERS.

"And afterward, to wit, on the 15th day of April, 1885, the following action thereon was had by the board of said county commissioners of said county, to wit: In the matter of the road petition of L. Newell and others, appearing to the satisfaction of the board that the law has been substantially complied with, it is is ordered that S. J. Yenawine, J. E. Swingle and C. W. Kimball be appointed viewers of the road proposed in said petition, and that they meet on the 16th day of June, 1885, at the place of beginning, and with the county surveyor proceed to view and lay out said road according to law, and make report of the proceedings to the board on or before their next regular session.

## "REPORT OF VIEWERS.

"And afterward, to wit, on the 29th day of June, 1885, the said viewers made their report, together with the report and plat of the county surveyor, hereto attached, as follows, to wit: 'Pursuant to the notice and order of the board, hereto attached, the undersigned viewers met as directed, on the 16th day of June, 1885, at the place appointed, and having been duly sworn as required by law, we took to our assistance Albert Kimball and E. Pillsbury, as chain-carriers, and L. Newell, as marker, who were also duly sworn, and proceeded to view the route of the road petitioned for, which was surveyed under our direction by J. W. Paul, county surveyor; the field-notes and plat of which survey are hereto attached; and after careful deliberation we are of the opinion that said road is practicable and of public utility, and recommend that it be granted as located and surveyed; and we further recommend that said road be forty feet wide. The following claims for damages were made, which claims are hereunto attached, as follows, to wit:' [For list of claims for damages, see finding No. 14.]

"The board allowed the claimants the same awarded by the viewers.

## "'REPORT OF SURVEYOR.

"'To the *Honorable Board of County Commissioners of Riley County, Kansas*—GENTLEMEN: I have the honor to report that, pursuant to your order of date April 13th, 1885, in the matter of the location of a certain

road, as petitioned for by L. Newell and others, I appeared at the place of beginning in Zeandale township on the 16th day of June, 1885, and proceeded to survey the road as petitioned for, under the direction of said viewers, to wit.'

"(Here follow the courses and distances as given by the surveyor, and also plat of the road.)

"FINAL ORDER OF THE BOARD.

"And afterward, on the 7th day of January, 1886, the following action was had by the board of county commissioners, to wit:

"'In the matter of the road petitioned for by L. Newell and others, the board being satisfied with the viewers' report, adopt the same, declare said road a public highway, and order it opened as located and surveyed.

"'I certify the foregoing is a complete record of the said road, as required by law to be made, and that the same was recorded on the 9th day of January, 1886.    F. A. SCHERMERHORN, *County Clerk.*
By O. C. BARNER, *Deputy.*'"

And thereon the court made the following conclusions of law:

"1st. The giving of notice by the county clerk that a petition had been presented for the laying out of said road, and of the time of the view thereof, by advertisement set up both in the county clerk's office and in the township through which the road was to be laid out, was jurisdictional; and such notice not having been given, the board of county commissioners have no authority to make an order for the location of the road, or the opening of the same through the land of the plaintiff, unless the plaintiff by his own act placed himself in such condition that he cannot question the validity of the proceedings of the county board in regard to said road.

"2d. The plaintiff, by presenting his claim for damages to the viewers, and by appearing before the board of county commissioners to resist the location of said road, waived his right to object to the jurisdiction of the county board, and is estopped from denying the validity of their action in establishing the road over his land.

"3d. The temporary injunction heretofore granted in this action ought to be dissolved, and the perpetual injunction prayed for refused, and the defendants go hence with their costs."

Thereupon the plaintiff filed his motion to set aside the conclusions of law, and also his motion for a new trial. These motions were overruled. The plaintiff excepted, and brings the case here.

*Sam Kimble,* for plaintiff in error.

*Jno. E. Hessin,* county attorney, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: On April 8, 1885, L. Newell and more than twelve other householders of Riley county presented to the board of county commissioners of that county a petition for the laying out of a public road.   Subsequently other proceedings were had, resulting in the board ordering the road to be opened as petitioned for, located and surveyed.   On June 5, 1886, the plaintiff brought his action against the board of county commissioners, the trustee of his township, and the road overseer of his district, to perpetually enjoin the opening of the road.   Trial had, and judgment rendered against the plaintiff.

It is claimed that the order of the board of county commissioners establishing the road was void because the provisions of § 3, ch. 89, Comp. Laws of 1879, were not fully complied with in this: that there was not posted up in the municipal township where the plaintiff resided, and through which the road was designed to be laid out, any notice of the time and place of the meeting for the view and survey of the road; and, also, that the only notice given by the county clerk by advertisement in his office was contained in a file kept in his office of the *Manhattan Republic,* a newspaper printed at Manhattan, in Riley county, and of general circulation therein.

We do not think the plaintiff is in any condition to question the validity of the proceedings of the county board in establishing and opening the road over his land, on account of the failure to give the notices alleged.   It appears from the findings of fact that the plaintiff resided in Zeandale township, one of the municipal townships of Riley county; that he was present at the time and place appointed by the board of county commissioners for the view of the road, and handed to the viewers a claim for damages, in writing, amounting to the

sum of $125; that he was allowed thereon damages to the amount of $47.25; that on July 7, 1885, with others, he filed with the board a remonstrance against the location of the road; that at the January session of the board for 1886 he appeared before the board and opposed the location of the road, and objected thereto. At no time did he make any special appearance, and therefore all the notices not given were waived by him. (*Ogden v. Stokes*, 25 Kas. 517; *Comm'rs of Woodson Co. v. Heed*, 33 id. 34.)

That the plaintiff has refused to accept the damages allowed him, and has at all times denied the right of the board to locate the road, does not materially affect the case; for aught that appears from the record, all the other owners of the land through which the road has been laid out have accepted their damages, and are satisfied to have the road opened.

The judgment of the district court will be affirmed.

All the Justices concurring.