George v. Hatton.

REUBEN GEORGE V. WILLIAM HATTON.

*Error from Donophan County.*

Whore a defendant demurred to the petition of plaintiff, *held* 1st that lt is too late for him to object to a judgment on the ground of a defective service of summons; 2d where the defendant fails to call up the demurrer it may be disregarded wholly or it may be stricken out, and where no exceptions are taken to the action of the Court, no error will appear. 3d. Where the demurrer was disposed of before judgment but no entry to that effect made until after judgment, and on the same day when such entry was made, that the Court had a right so to make its minutes speak the truth.

G. bought land of H. and gave the note sued upon for the purchase money, taking a bond for a reconveyance upon payment of the note. H. tendered a conveyance and brought suit upon the note, alleging the tender and seeking to subject the land to the payment of the judgment claimed.

*Semble* that an objection that the deed was insufficient might have been a good defence upon the trial had it been plead, but *held* not a ground for vacating the judgment rendered on the note in default of an answer and under an allegation in the petition that a good and sufficient deed was tendered, and when the record failed to show what the deed was.

Where the action is for the recovery of money and to subject real estate to the payment thereof, and the summons is endorsed with the amount for which judgment is claimed, corresponding with the judgment rendered, *held* that no error appears; the action not being for the "recovery of money only," no endorsement on the summons is required.

A ground for vacating a judgment in these words: "The judgment was irregularly obtained," failing to point out any particular irregularities, *held* too indefinite to be available.

None of the grounds indicated, are such as would authorize the Court to vacate a judgment after the lapse of two years from the entry of judgment to the time of making the motion, especially in the absence of a showing of merits in a defense.

The facts of the case appear sufficiently full to present the points decided, in the opinion of the Court.

*W. W. Guthrie,* for plaintiff in error.

*A. Perry,* for defendant in error,

*W. W. Guthrie* argued the case for plaintiff in error and made the following points:

1st.   The acceptance of the note by plaintiff below, operated as a bond for a deed.   Plaintiff in error was to have a deed when he paid the note, and defendant in error was to give a deed when the note was paid.   Neither party could seek the courts to enforce the contract until he had performed on his part, respectively.   The defendant in error then was not entitled to judgment, not having tendered a deed.

2d.   On default of answer, judgment could only be taken as per endorsement on the summons.   The decree of sale of the land then is erroneous, no endorsement asking therefor appearing on the summons.   If defendant below was in default the decree is not warranted by the endorsement on the summons.

3d.   The defendant below was in Court.   He filed a demurrer and a " motion to quash " both in time.   Judgment was rendered without disposing of the issues thus raised.  This is error.

4th.   The subsequent entry, to the effect that the demurrer was stricken out, could not cure the defect in the judgment,—at least without notice to the adverse party.

5th.   The correction of the judgment as to the decree of sale, was without notice, and consequently irregular and void.

6th.   Error will lie where the ruling on a motion to vacate made under Chap. 26, Comp. Laws, is erroneous.   See *Comp. Laws*, 220; *Seney's Ohio Code*, 408, *n. d.*

*A. Perry* for defendant in error, submitted :

1st.   Whatever irregularity appears in the summons and in the service thereof, was cured by the appearance of defendant below in the case before judgment below.

2d.   The error, if any, in rendering judgment while a demurrer was on file undisposed of, was corrected by the Court, and on notice to defendant.

3d.   The record here does not show any deed at all.  Had it been insufficient, the judgment might have been

regular. The tender of a good and sufficient deed was averred in the petition. Plaintiff in error could have denied it in his answer and thus put the question in issue. Demurring to the petition admitted the truth of this allegation. On the determination of the motion to strike out the demurrer, defendant below neglected to ask leave thus to answer. The allegation that the deed was good and sufficient, stands admitted as true, then, on the record.

*By the Court*, CROZIER, C. J.

In October 1858, George bought of Hatton a tract of land in Donophan County and executed the note sued upon for the purchase money, at the same time taking from Hatton a bond for a conveyance upon payment of the note. On April 7, 1860, eighty-one dollars of the note and some interest being unpaid, Hatton having tendered a deed, brought suit in the District Court for Donophan County to recover a judgment for the money, and to subject the land to its payment, setting out substantially the foregoing facts. George filed a demurrer, assigning as the ground thereof, that the petition did not state facts sufficient to constitute a cause of action. At the May term, 1860, judgment was rendered against George, and an order made for the sale of the lands, but misdescribing them. At the same term and on the same day, another entry was made, showing that the demurrer was " stricken out " before the judgment above described was rendered. At the October term, of the same year, the journal entry of the judgment was, on motion of the plaintiff corrected, *nunc pro tunc*, so as to properly describe the land. On the 16th of August 1862, Hatton filed a motion to vacate the judgment, 1st, because the deed tendered was insufficient. 2d. The judgment was irregularly obtained. 3d. The judgment was for relief, differing from that endorsed upon the summons. 4th. Because the judgment was rendered without disposing of the demurrer, and 5th, the service of the summons

was defective. This motion was overruled, and the defendant excepted.

The petition in error is filed here to reverse the judgment on two grounds, to-wit: The Court erred in striking out the demurrer, and also erred in overruling the motion to vacate.

The whole record shows that the demurrer was "stricken out" before the judgment was rendered, but why it was "stricken out" and not overruled, we are not advised. Nor is it material which way it was disposed of, or whether it was disposed of at all. If the party interposing it did not call it up, it might have been disregarded wholly, and yet no error appear on the record. And in addition to this, there was no exception to the action of the Court in striking it out.

This objection is not well taken.

It is said that the Court erred in overruling the motion to vacate the judgment. Let us examine the grounds of this motion: "1st. The deed tendered was insufficient." The record don't show what the deed was; and if it did, this objection might have been a good defense upon the trial had it been set up in an answer, but would not be a good ground for vacating the judgment which was rendered upon default of answer, and under an allegation of the petition that a good and sufficient deed was tendered.

"2d. The judgment was irregularly obtained." This is very indefinite, so much so that we can not determine what it refers to. No irregularities are pointed out, and there are none so glaring as to attract our attention. So that the plaintiff will practically lose the benefit of this objection.

"3d. The judgment was for relief different from that endorsed upon the summons." This was not an action for the "recovery of money only," and hence there need not have been an endorsement upon the summons. But in point of fact it was endorsed with the amount the plaintiff below expected to recover, and the time and rate of inter-

est; and the judgment does not exceed that amount. We see no error here.

"4th. The judgment was rendered without disposing of the demurrer." This is not sustained by the record. That shows that the demurrer was in fact, disposed of before the judgment was rendered, but an entry to that effect had not been made upon the journal. During the same day, an entry showing that fact was made, and the Court had a perfect right to make its minutes speak the truth.

"5th. The service of the summons was defective." After the defendant appears and files a pleading, it is rather late to object to the service. If a party appears it is no matter whether there was any attempt at service.

Added to all this, the motion was not made until nearly two years after the judgment was rendered; three or four terms of the Court intervening. None of the grounds assigned in the motion are such as would authorize the Court to vacate the judgment upon motion after lapse of two years. And moreover, there was no showing of a valid defense to the action, or indeed, a defense of any kind.

Not being able to agree with the plaintiff that the acts of the Court below of which he complains in his petition in error, were erroneous, we are compelled to affirm the judgment.

All the justices concurring.