Ogden v. Stokes.

WILLIAM OGDEN V. C. E. STOKES.

HIGHWAY, *Validity of, When not to be Questioned.* Where a resident landowner waives the notice required to be served upon him by § 3, ch. 108, Laws of 1874, and presents his claim for damages for the laying-out and opening of a public road over his premises to the board of county commissioners, and thereafter appeals from the decision of the board upon his claim to the district court, and there obtains a judgment for his damages, he cannot thereafter question the validity of the proceedings to establish the road over his land, or maintain an action for trespass against the road overseer in opening the road under the order of the county board.

*Error from Clay District Court.*

TRESPASS, brought by *Ogden* against *Stokes*. Trial, and judgment for the defendant, at the January Term, 1880, of the district court. The plaintiff brings the case here. The opinion states the facts.

*C. M. Anthony*, for plaintiff in error.

*C. M. Kellogg*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action for trespass against the road overseer for opening a road on the land of plaintiff. It was tried before a justice of the peace, and afterward appealed to the district court. There the case was submitted upon the following agreed statement of facts:

"At the commissioners' court of Clay county, Kansas, the board appointed viewers to locate a road in Highland township, in said county and state, over the land of the plaintiff. The record of the said board shows that notice of the time the viewers would meet was given by publication in a newspaper and by setting up a notice in the county clerk's office as required by law, but no notice was set up or posted in Highland township, the only municipal township through which the road runs or passes; that the plaintiff waived the six days' notice required by law, presented his claim to the board of county commissioners and then appealed his claim to the district court, and at its January term obtained a judgment for $16. It is further agreed that the defendant committed the trespass complained of as road overseer in opening the road as ordered by the board."

It is contended by the plaintiff that the road is wholly void, for want of jurisdiction on the part of the board of commissioners to establish the same or to order it opened. This upon the theory that no notice was set up as required by §3, ch. 108, Laws of 1874, in the township where the road was located. Whatever may be the general effect of not giving the notice, we need not now consider. The plaintiff is in no condition to question the validity of the proceedings of the county board in establishing and opening the road over his own land. He waived notice of the meeting of the viewers, presented his claim for damages to the board, thereafter appealed from its decision to the district court, and recovered upon his claim. He has obtained a judgment for compensation for the location and opening of the road on his premises, and after having proceeded thus far he cannot now be heard to object to the validity of the road. Neither can he maintain any action for trespass against the road overseer in open-

ing the road upon his land under the order of the county board. Even if there were any irregularities in the preliminary or other proceedings, he has consented to the location and opening of the road and recovered damages therefor, and it would be an act of gross injustice now to allow him to forbid the opening of the road, or to make an officer liable for trespass in carrying out the orders of the county board.

The judgment of the district court will be affirmed.

All the Justices concurring.