THE BOARD OF COMMISSIONERS OF WOODSON COUNTY V.
MARY B. HEED.

ROAD—*No Notice—Want of Jurisdiction, Cured.*   Where a sufficient peti-
tion is filed with the board of county commissioners of a county for the
laying out of a public road, and thereafter the road is regularly laid out
as prescribed by the statute, with the exception that no notice is given
to one of the owners through whose land the road is laid out as pre-
scribed by § 4, ch. 89, Comp. Laws of 1879, nor any finding made by the
board that the land-owner is a non-resident of the county, *held*, that
the want of jurisdiction over the person of such land-owner is cured by
the presentation by him to the board of county commissioners of a claim
for damages in consequence of the opening of the road; and 'also, *held*,
that after such land-owner has acted upon the order of the board in
opening the road, and constructed two miles of fence required to be built
to leave the road open, and has presented to the board his claim for dam-
ages in consequence of the opening of the road, the board has no author-
ity to revoke its order laying out and establishing the road, upon the
ground that such land-owner had no notice as prescribed by the statute.

*Error from Woodson District Court.*

THE facts in this case are as follows: On October 6, 1882,
Conrad Hester and others presented their petition to the board
of county commissioners of Woodson county, asking a public
road to be laid out in Owl Creek township in that county,
described as follows: Commencing at the southeast corner of
section 22, township 25, range 16 east, running thence north
two miles on section line as near as practicable, and terminat-
ing at the northeast corner of section 15, township 25, range
16 east.   The board, being satisfied that the petition was a
legal one, and that the proper bond had been filed, appointed
three disinterested householders of the county as viewers, and
designated the 15th day of December, 1882, as the day upon
which the viewers would proceed to view the road and give
all parties interested a hearing.   The board also directed the
county clerk to notify the viewers and county surveyor of the
time and place of meeting.   The viewers' report was filed
January 6, 1883, and was in favor of the location of the road,
and stated the amount of damages assessed by them and to

whom. The report was adopted and damages allowed. The county clerk was directed to place said road upon the records, and the board of county commissioners ordered the same to be opened in the manner provided in the statute. On July 3, 1883, *Mary B. Heed* presented a claim of $680 to the county commissioners for damages on account of the road being laid out over her land. The claim was not then acted upon, but passed over for further consideration. At the meeting of the board on April 8, 1884, her claim for damages was called up, and thereupon the board disallowed the claim, and held that its proceedings in establishing the road were without jurisdiction and therefore void, for the following reasons: "That the said *Mary B. Heed* was, at the time of the meeting of the viewers on said road, and during the pendency of all the proceedings relating thereto, a non-resident of the county of Woodson, and that no notice of the time and place of the meeting of the viewers of said road was ever served on her or upon any agent of hers residing in the county of Woodson, in the possession, charge or control of land, or upon any party or person authorized to receive or accept a notice for her, nor had the said *Mary B. Heed* in any manner ever waived service of the notice; and that there was no finding made by the board that she was a non-resident of said county or state." The board thereupon directed the county clerk to notify the trustee of Owl Creek township, that the road heretofore laid out was not a legal highway as to that portion of the same between sections 14 and 15, in township 25, range 16 east. *Mary B. Heed* appealed from the action of the board of county commissioners to the district court. At the June Term of the court for 1884, the case came on for hearing. The following agreed statement of facts was presented to the court:

"1. That at the time the road complained of was petitioned for and granted and established, Mary B. Heed was the owner of portions of sections 14 and 15, township 25, range 18, Woodson county, Kansas, and said road was located and established through her land, between said sections, for the distance of one mile.

" 2. That at the time said road was petitioned for, and whilst proceedings were pending before said board for the location of said road, Mary B. Heed was not a resident of Woodson county, and did not have any agent in said county, and has not been a resident of said county since, neither has she had any agent in said county.

" 3. That the notice to land-owners was not served on her or on her duly-authorized agent, and until the filing of her bill for damages she made no appearance in said cause.

" 4. That after said road was located and established by said board, it ordered the county clerk to give the requisite notice to the township trustee declaring the same a public highway, and said notice was given, and from that time until the claim of Mary B. Heed for damages was finally disallowed, said road was treated by the county in all respects as a public highway.

" 5. That after the action of said board of county commissioners which resulted in the location of said road by it, Mary B. Heed fenced her said land, and in so doing left said road open, building a fence on either side of said road; she having had notice of the final order of said board locating said road after the same was done and before building said fence — the fence so built on either side of said road being built for one mile on either side, being two miles of fence required to be built to leave said road open — said fence being a lawful fence consisting of posts set one rod apart and three barbed wires.

" 6. That until said Mary B. Heed presented her bill for damages she never made any appearance to said proceedings.

" 7. That said Mary B. Heed has not received anything on account of damages by reason of said road having been located.

" 8. That the action taken by said board on the 8th of April, 1884, declaring said road not a public highway, was taken after said Mary B. Heed had left said road open and built said fences and presented her bill to said board for damages."

The *Board of County Commissioners* demurred to the plaintiff's cause of action, which upon argument was overruled by the court. The defendant *Board* excepted, and brings the case here.

*J. E. Pickett*, county attorney, for plaintiff in error.

*G. A. Amos*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: It is contended by the board of county commissioners of Woodson county, that the claim for damages for the location of the public road across the land of the claimant was properly disallowed, for the alleged reason that the action of the board in attempting to lay out and establish the road was wholly without jurisdiction, and therefore void. In support of this, it is urged that as no notice was given to the claimant or to anyone in possession or claiming to have possession or control of the land, nor any finding of any kind made with reference thereto, the board had no authority to take action upon the report of the viewers or to order the road to be opened. Section 4, ch. 89, Comp. Laws of 1879, is referred to, and also the following cases: *Comm'rs of Wabaunsee Co. v. Muhlenbacker*, 18 Kas. 129; *The State v. Farry*, 23 id. 731; *Comm'rs of Chase Co. v. Cartter*, 30 id. 581.

On the other hand, it is answered that the board of county commissioners had jurisdiction of the subject-matter at the time of its action in the premises, although not jurisdiction of the person of the claimant; but that the want of jurisdiction of the person was cured when the claimant requested the payment of her damages in consequence of the opening of the road. The case is said to assimilate to a judgment that has been rendered without service, when the court had jurisdiction of the subject-matter, but on account of the want of service, no jurisdiction of the person. In such a case, the appearance of the party, except to question the jurisdiction, confers jurisdiction and relates back to the beginning of the action. In short, that any want or defect in the service of process is waived by the general appearance of the party, and that such action is the submission in itself to the jurisdiction of the court or tribunal. (*George v. Hatton*, 2 Kas. 333; *Haas v. Lees*, 18 id. 449; *Walkenhorst v. Lewis*, 24 id. 420.) This view is the correct one. As the land-owner can waive the notice prescribed by the statute by presenting his claim for damages, it is too late, after the road has been opened and such

claim has been presented, for the board of county commissioners to revoke its action for want of jurisdiction of the person of the claimant. (*Ogden v. Stokes*, 25 Kas. 517; *Comm'rs of Chase Co. v. Allen*, 25 id. 616.)

The claimant had notice of the final order of the board locating the road, and thereafter built a lawful fence for one mile on either side of the road. After this action upon her part, and the presentation of her claim for damages, it would be exceedingly unjust to decide that the board of county commissioners should be permitted to deny the validity of its own acts, on account of the want of jurisdiction over the landowner. In this case, everything was done that was necessary for the establishment of the road, excepting the service of the notice upon the claimant, and the board made no attempt to revoke its action until after the claimant had constructed two miles of fence required to be built to leave the road open, and had presented her claim for damages and thereby waived the question of jurisdiction. Under these circumstances, the order of the board in deciding that its action was without jurisdiction was improperly made, and cannot affect the claimant.

The ruling and judgment of the district court in overruling the demurrer will be sustained.

All the Justices concurring.