DELIA ABBEY *et al.* v. THE W. B. GRIMES DRY GOODS COMPANY.

1. SUMMONS—*Indorsement—Signing.* The indorsement of a summons, in accordance with § 59 of the code of civil procedure, need not necessarily be signed by the clerk and attested with the seal of the court.

2. PRIVATE CORPORATIONS—*Liability of Stockholders to Creditors.* Under § 44 of ch. 23 of the law concerning private corporations. (Gen. Stat. of 1889, ¶ 1204,) the liability of stockholders to the creditors of a corporation is several and not joint, and each must be sued separately.

*Error from Republic District Court.*

THE opinion contains a sufficient statement of the facts. Judgment for the plaintiff *Company*, at the May term, 1888.

The defendants, *Delia Abbey* and many others, bring the case to this court.

*W. T. Dillon,* for plaintiffs in error.

*Caldwell, Ellis & Cook* and *E. C. Ellis,* for defendant in error.

Opinion by GREEN, C.: This action was commenced against the stockholders of the Republic County Coöperative Association, to fix the liability of said stockholders, under §44 of the general incorporation act, (Gen. Stat. of 1889, ¶ 1204.) The corporation was organized in 1882, to engage in buying and selling general merchandise in Belleville, Republic county, and continued in business until the 19th of April, 1886, when the association made a general assignment of all its property, for the benefit of its creditors; and in pursuance of the assignment, the entire property of every kind owned by it was devoted to the payment of the creditors of the association, *pro rata;* certain sums being still unpaid, plaintiff below commenced this action on the 10th of February, 1888, to recover the sum of $165.94, with interest at the rate of seven per cent. from the 6th of June, 1887, making thirty-two stockholders of the corporation defendants, seeking to make them liable for an amount equal to the stock held by each in said association. The coöperative association was not sued, and no judgment had been previously obtained against it.

I. The first alleged error is, the overruling of the motion made by the defendants below to set aside the summons, for the reason that there was no proper indorsement thereon. The indorsement reads as follows: "Suit brought for the recovery of money. Amount claimed, $164.94, with interest from the 6th day of June, 1887, at the rate of 7 per cent. per annum till paid, and the liability of the several within defendants, for the payment of said sum of $164.94 and interest, be fixed as follows: Delia Abbey, $20; D. C. Bowersox, $5; Gertrude Bowersox, $20," etc., naming each one of the defendants for the amount of stock which, it was claimed, each had at the dissolution of said corporation.

It is claimed, upon the part of the plaintiffs in error, that this is not a compliance with the statute; that the clerk should make this indorsement and sign it, and, being an official act, he should attest it with the seal of the court. We do not think this position tenable. We think the decisions of this court, in the cases of *George v. Hatton*, 2 Kas. 333, and *Weaver v. Gardner*, 14 id. 347, settle this objection, and that there was no error in the court's overruling the motion to set aside the summons.

Upon the overruling of the motion of the defendants to set aside the summons, the defendants interposed a demurrer to the plaintiff's petition on the ground, first, that the petition did not state facts sufficient to constitute a cause of action; and second, that several causes of action were improperly joined, which demurrer was overruled by the court, and excepted to. Judgment was thereupon entered against the defendants for $189.68, and costs taxed at $56.30; and ordered that execution issue against each one of the defendants respectively, in accordance with the amount of stock owned by each of them, and the costs of the action.

II. The controlling question in this case is the one raised by the second ground of demurrer, and the only one discussed by counsel, which we will proceed to consider. The suit, as stated, was to fix the liability of certain stockholders in a corporation. The language of the statute is:

"If any corporation, created under this or any general statute of this state, except railway or charitable or religious corporations, be dissolved, leaving debts unpaid, suits may be brought against any person or persons who were stockholders at the time of such dissolution, without joining the corporation in such suit; and if judgment be rendered, and execution satisfied, the defendant or defendants may sue all who were stockholders at the time of dissolution, for the recovery of the portion of such debt for which they were liable, and the execution upon the judgment shall direct the collection to be made from property of each stockholder, respectively; and if any number of stockholders (defendants in the case) shall not have property enough to satisfy his or their portion of the execution, then the amount of deficiency shall be divided equally

among all the remaining stockholders, and collections made accordingly, deducting from the amount a sum in proportion to the amount of stock owned by the plaintiff at the time the company dissolved." (Gen. Stat. of 1889, ¶ 1204.)

The contention of counsel is that the liability of stockholders, in actions of this kind, is several and not joint; that the action is purely legal in its nature, being the action of one creditor of a corporation to enforce the statutory liability of each defendant, and that said liability of the joint defendants is unequal in amount.

The nature of this liability is peculiar; it seems to have been created for the exclusive benefit of corporate creditors; the liability rests upon the stockholders of a corporation to respond to the creditors, for an amount equal to the stock held by each, and it has been held that the action to enforce this liability can only be maintained by the creditors themselves, in their own right and for their own benefit. (Cook on Law of Stock and Stockholders, § 216.)

Can a suit be maintained under this liability, created by statute, by one creditor against more than one stockholder, where the liability is necessarily for different sums, as in this case twelve of the thirty-two defendants are liable for five dollars each; five for ten dollars each; three for fifteen dollars each, and others for twenty dollars each? Reason alone answers the question in the negative, from the very nature of the difficulties we would encounter to hold otherwise, in an action for a money judgment alone. The rule, however, is well settled by the great weight of authorities, that such an action must be maintained against each stockholder alone. The supreme court of Missouri has had occasion to consider a statute similar to our own, and says that in suits of the above description, whether brought in law or equity, will not lie against defendants jointly, but must be begun against each one severally; and under the law, the stockholder thus compelled to pay must resort to his remedy for contribution. (*Perry v. Turner*, 55 Mo. 418.)

The law is stated in the case of *Paine v. Stewart*, 33 Conn. 516:

"Where a general statute, by which a corporation is organized, imposes a liability upon the stockholders in their individual capacity in general terms, and in proportion to the amount of their stock, such liability is distinct from the corporate liability, and is of the same character as that incurred by an association of individuals where there is no corporate existence; and, although upon principle, they may be subject to suit as in other cases of associate liability, yet as such liability is peculiar, because unequal and limited, and a joint judgment against all is impossible, their liability must be treated as several, *ex necessitate rei*, and they must be sued separately."

The rule that stockholders of a corporation cannot be joined as defendants, necessarily rests upon the ground that the liability is for different sums, and each stockholder might have a distinct and separate defense.   Where the liability of stockholders is confined to the extent or amount of their stock, or is in proportion to their stock, the liability, being unequal and limited, is several. (*Shafer v. Moriarty*, 46 Ind. 9; *Bank of Poughkeepsie v. Ibbotson*, 24 Wend. 473; *Ohio Life Ins. & T. Co. v. Merchants' Ins. & T. Co.*, 11 Humph. 1, 33; 53 Am. Dec. 742; *Crease v. Babcock*, 10 Metc. 525, 557, 568; *Pettibone v. McGraw*, 6 Mich. 441; *Lane v. Harris*, 16 Ga. 217; *Adkins v. Thornton*, 19 id. 325, 328; 2 Morawetz on Private Corporations, § 901; Pom. Rem., § 317.)

Counsel for defendant in error contend that § 44 of chapter 23 of the corporation act authorizes a suit against all of the stockholders.   We are of the opinion, however, that suits can only be maintained by stockholders who have been sued and judgment has been satisfied against other stockholders for contribution.

It may be urged that the view we take of this question will lead to a great many suits against individual stockholders. But this is not necessarily true.   Section 32 of chapter 23 (¶ 1192 of the Gen. Stat. of 1889) prescribes a very simple remedy, where a judgment has been obtained against a corporation and an execution issued against the property of the corporation and returned "No property found."   An execution

can then issue, upon proper order, against any of the stockholders, to an extent equal in amount to the amount of stock held by each.    In this case no judgment was rendered against the corporation, and there may be a question whether suit can be entertained against the stockholders individually until the corporation has been dissolved by judicial declaration, or the expiration of its charter.    But this question was not discussed by counsel in their briefs, and is not now decided.

We think the court erred in overruling the demurrer of the defendants in the court below, and we recommend that the judgment be reversed.

By the Court: It is so ordered.

All the Justices concurring.