J. L. BEVERLY V. WM. FAIRCHILD *et al.*

MORTGAGE — *Foreclosure — Personal Judgment.* Where an action is brought for the foreclosure of a real-estate mortgage and a personal judgment upon the notes secured thereby against the purchaser of the mortgaged premises, who has assumed the payment of the notes secured by the mortgage, and the makers of the notes and mortgage, the failure to indorse the summons, as in an action for the recovery of money only, will not render the personal judgment against such purchaser, or the makers of the notes and mortgage, void.

*Error from Shawnee District Court.*

ON the 25th day of April, 1887, S. N. Burgen and wife and A. J. Arnold and wife, for the consideration of $7,000, executed a deed to J. L. Beverly for lots 381, 391, and 393, on Kansas avenue, in Holzle's addition to the city of Topeka, and also for a certain tract of land adjoining said lots. In the deed, which Beverly accepted, was the statement that Beverly assumed to pay two notes secured by a mortgage upon the premises, amounting to $4,000. On the 22d day of September, 1888, Wm. Fairchild and John Higginbotham commenced their action against A. J. Arnold and wife, S. N. Burgen and wife, and J. L. Beverly, to foreclose the mortgage of $4,000 mentioned in the deed of the 25th of April, 1887, upon the premises purchased by J. L. Beverly, and also to recover a personal judgment against all of the defendants for the amount of the notes secured by the mortgage. At the commencement

of the action a summons was issued and served upon the defendants, but there was no indorsement thereon for the amount claimed or any amount. J. L. Beverly made no appearance, but a personal judgment was rendered against him, as also against the other defendants. The judgment, with interest, amounted to $4,193. Afterward, the mortgaged premises were sold to Fairchild and Higginbotham for $2,135, and subsequently an execution was issued and a levy made upon the individual property of J. L. Beverly. The premises levied upon under this execution were not embraced in the mortgage. On the 23d of April, 1889, *J. L. Beverly* commenced his action against *Wm. Fairchild*, John Higginbotham, and A. M. Fuller, the sheriff of Shawnee county, to prevent them from selling or causing to be sold the real estate levied upon under the execution issued against him, but which real estate was not embraced in the mortgage. On the 24th of April, 1889, the defendants filed their answer. Subsequently, J. L. Beverly filed his reply. Trial had on 24th of April, 1889, before the court without a jury. The injunction was denied, and the defendants recovered a judgment for costs. Beverly filed his motion for a new trial, which was overruled. He excepted to the judgment and rulings of the court and brings the case here.

*M. E. Matthews*, for plaintiff in error.

*Vance & Campbell*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The mortgage which was foreclosed was dated the 18th of March, 1887. J. L. Beverly purchased the premises mortgaged on the 25th of April, 1887, and assumed the payment of the mortgage. He was therefore the owner of the premises subject to the mortgage lien, and entitled to the possession of the same. When the action was commenced by Wm. Fairchild and John Higginbotham, on the 22d day of September, 1888, to foreclose the mortgage and obtain personal judgments, Beverly was a necessary party defendant in

the foreclosure proceedings.   It was decided by this court long ago that, in an action to recover upon a note and foreclose a mortgage given to secure the same, no indorsement was required on the summons, it not being an action for the recovery of money only. (Civil Code, § 59; *George v. Hatton*, 2 Kas. 333; *Weaver v. Gardner*, 14 id. 347.)   Therefore, we think in this case, considering the action and the judgment rendered, that the failure to indorse the summons did not make the judgment void. (*Simpson v. Rice*, 43 Kas. 22; *Friend v. Green*, 43 id. 167.)

If the plaintiffs in the original action had wholly disregarded the mortgage, and brought their action against Beverly only upon his promise to pay the notes secured by the mortgage, the action might then have been considered one for money only, and in such a case an indorsement of the summons would have been necessary; but such was not the action which was commenced.

The judgment of the district court will be affirmed.

All the Justices concurring.