THE STATE OF KANSAS v. A. W. HEDEEN.

1. HIGHWAY — *Establishment — No Notice — Waiver.* Where no notice is given to one of the owners through whose land a public highway is laid out, nor any finding made by the board of county commissioners that the land-owner is a non-resident of the county, the want of jurisdiction by the absence of notice or such a finding is cured by the presentation by him to the board of county commissioners of a claim for damages in consequence of the opening of the road through his land. (*Comm'rs of Woodson Co. v. Heed,* 33 Kas. 34, cited and followed.)

2. ——— *No Lawful Obstruction, When.* After a public highway has been established and ordered to be opened, and the land-owner presents to the board of county commissioners a claim for damages and compensation on account of the laying out of such road across his land, and the same are allowed, from which no appeal is taken, even if the notice to open the road directed to the land-owner is irregular or defective, but the overseer, after giving a notice, actually proceeds to open the road, the land-owner cannot thereafter lawfully obstruct the same.

*Appeal from Allen District Court.*

THE material facts are stated in the opinion.

*Geo. R. Peck, Oscar Foust & Son,* and *A. A. Hurd,* for appellant.

*John N. Ives,* attorney general, and *H. A. Ewing,* county attorney, for The State.

Opinion by SIMPSON, C.: The appellant, who is a division roadmaster of the Atchison, Topeka & Santa Fé Railroad Company, was convicted in the district court of Allen county for willfully obstructing a public highway. The particular act of obstruction consisted of fencing up a county road that was located and opened across the track of the Southern Kansas Railroad Company, afterward the Atchison, Topeka & Santa Fé Railroad Company. The alleged offense was charged to have been committed on or about the 10th day of February, 1890. The case was tried by the court, a jury being

waived. The road was established by an order of the board of county commissioners of Allen county made on the 4th day of January, 1887, and on the same day the road was ordered opened. It is not claimed or pretended, up to this time, that the Southern Kansas Railroad Company had any notice of these road proceedings, but on the 21st day of March, 1888, the following letter was received by the county board:

"THE SOUTHERN KANSAS RAILWAY COMPANY.
TRACK, BRIDGE AND BUILDING DEPARTMENT.
LAWRENCE, Kas., March 21, 1888.

"*To the Board of County Commissioners, Allen County, Iola, Kas.:*

"GENTLEMEN — In reference to the opening of the county road on the east and west ¼ line of section 15, township 25, range 18, Allen county, I met the viewers, Messrs. McCurley, Moon, and DeWitt, on February 29, as stated in the notice. It was there agreed that the Southern Kansas Railway Company should present to your board an application for damages, caused by the opening of above road over the right-of-way of said S. K. Rly. Co.

"Inclosed you will find such an application.

Yours truly,     M. N. WELLS, *Engineer.*"

Accompanying this letter was a claim for damages in these words:

"APPLICATION FOR DAMAGES.

"*To the Board of County Commissioners, Allen county, Kansas, engaged in laying out a road on the east and west quarter line of section 15, township 25, range 18, in Allen county, Kansas, petitioned for by —— and others:*

"GENTLEMEN — The Southern Kansas Railway Company respectfully claims $249$\frac{42}{100}$ as its damages and compensation on account of laying out said road across the railroad track and right-of-way 100 feet wide of said company in the east half of section 15, in township 25 south, range 18 east of the 6th principal meridian, in Allen county, Kansas.

"Dated this 21st day of March, 1888.

THE SOUTHERN KANSAS RAILWAY COMPANY.

By M. N. WELLS, its Agent, *Engineer.*"

It was shown by the journal of the board of county commissioners, and by a record of county warrants issued, that in

July, 1888, an allowance was made and warrants issued to the Southern Kansas Railroad Company for land taken and for fencing, crossing, etc., of this county road. This application for damages filed by the railroad company gave the board of county commissioners jurisdiction of the subject-matter, and of the railroad company, the same as if the notice required by the road law had been regularly served, and such jurisdiction relates back to the commencement of the proceedings. (*Comm'rs of Woodson Co. v. Heed*, 33 Kas. 34, and cases cited.) It is sought to evade the curative effect of the presentation of this claim for damages, by an attempt to make it appear that the talk between viewers and the engineer of the company that preceded the presentation of the claim referred to the crossing of a state road in the same section, but as that road was located and opened before the railroad was built, and as it was the duty of the railroad company to establish the crossing and restore the state road at the point of crossing to its natural condition, we are not impressed favorably with such an explanation. It is also claimed that the claim was merely an estimate, originating in an attempt to compromise differences, and not a deliberate act of presentation for the purposes of compensation. This contention is partially supported by the evidence of Wells, the engineer of the railroad company, but the drift of all the other facts is against it, and they are sufficient to support the judgment of the trial court. This appears to us to be a sufficient answer to the contention of the plaintiff in error, that, in order to sustain a conviction, it must be shown that there was a public road legally laid out.

The next query is, whether or not the railroad company was served with notice to open the road across its track for public travel. On the 9th day of February, 1889, the following notice was served on one J. S. Turner, the ticket agent of the railroad company at the depot of said railroad company at Iola, Allen county, to wit:

"*To the Southern Kansas Railway Company:* The road petitioned for by R. L. Thompson and others, and which runs through a portion of your lands, to wit: Commencing at

the southwest corner of the northeast quarter of section 16, town 25, range 18, and running thence east 1½ miles, and ending at the northeast corner of the southeast quarter of section 15, town 25, range 18, situated in Iola township, Allen county, Kansas, was, on the 4th day of January, 1887, duly established by the board of county commissioners of said Allen county; and said board has ordered the trustee of said township to cause said road to be opened to public travel. You are therefore notified to open said road through your said lands, as surveyed and marked by the county surveyor of said county under the direction of the viewers of said road, within 90 days after the service of this notice on you, or it will become my duty to enter, or to depute some one to enter, upon said lands and open said road. " Witness my hand, this 9th day of February, 1889.

D. C. NEER, <em>Road Overseer</em>
<em>of District No. 6, of Iola Township, Allen County, Kansas.</em>"

It appears from the evidence of Turner that the Southern Kansas Railway Company ceased to operate the road on the 1st day of May, 1888, and from and after that time it was operated by the Atchison, Topeka & Santa Fé Company; so that the technical point is made on this state of facts, that the latter company was not served with the 90 days' notice required by the road law to be given to owners to open the road. The only change in the transaction of business testified to by the agent of the Southern Kansas, who continued to be the agent of the Santa Fé, was in the name of the company operating the road, and this objection is not sufficient for the purpose urged. After the expiration of 90 days from the service of this notice, the road overseer of the district in which the county road crossed the railroad track made a crossing over the track, the balance of the road having been opened for nearly two years; and this defendant, acting under the orders of his superior officers, rebuilt the fences enclosing the right-of-way of the railroad company, and removed the crossing made by the road overseer. From June 20, 1872, to April 25, 1874, the notice prescribed by § 12, chapter 108, Laws of 1874, (¶ 5485, Gen. Stat. of 1889,) was required to be in writing. (Laws of 1872, ch. 175, § 5.) But since April 25, 1874,

up to the present time, it has not been necessary that the notice should be in writing. (*Wilson v. James,* 29 Kas. 249.) After the road was established, the allowance of the damages presented by the Southern Kansas Railway Company, and the opening of the road by the overseer, even if the notice to open such road was defective or irregular, we do not think that it could thereafter be legally obstructed.

On the state of facts presented by this record, we think the judgment of conviction was right, and recommend its affirmance.

By the Court: It is so ordered.

All the Justices concurring.