LAFAYETTE C. SPARKS *et al.* v. CHARLES W. H. BEYER *et al.*

No. 91.

1. FORECLOSURE — *summons in, may be served in different county from that where action begun.* A suit to foreclose a mortgage on real estate must be commenced in the county where the land is situated; and when rightly commenced in the county where the land is situated, summons may be issued by the clerk of the district court where the petition is filed, and directed to the sheriff of any other county in the State, where the defendants may reside, or where they may be served; and, when the defendants are duly served by the sheriff of the county where they reside, the district court acquires jurisdiction over the subject of the action and of the defendants, and has authority to render such judgment against the defendants as may be proper under the pleadings and evidence.

2. ———— *not necessary to indorse in summons nature or amount of plaintiff's claim.* In a suit to foreclose a mortgage on real estate and for a personal judgment on a coupon-bond, it is not necessary, under the Code of Civil Procedure, for the clerk of the district court issuing summons to indorse thereon the amount for which the plaintiff claims judgment, or to state in the summons the nature of the plaintiff's claim.

3. ———— *motion to make petition more definite and certain waives defects in issuance and service of summons.* Where a suit on a bond and for foreclosure of a mortgage on real estate has been commenced by filing a petition in the district court of the proper county, and the defendants have been served with summons, and they appear and file a motion asking the court to make an order requiring the plaintiff to make his petition more definite and certain; they thereby waive all irregularities and defects in the issuing and service of summons, and thereby submit themselves to the jurisdiction of the court, and are bound by the further proceedings in such suit.

Error from Ford District Court. Hon. A. J. Abbott, Judge. Opinion filed December 1, 1896. *Affirmed.*

This action was instituted in the District Court of Ford County to recover on a promissory note and for the foreclosure of a real-estate mortgage. The de-

46—5 KAN. APP.

722 SPARKS v. BEYER.

S. Dept. Opinion. Johnson, P. J. 5 Kan. App.

fendants were personally served with summons in Wichita County, Kansas. The summons did not have indorsed on it the amount for which the plaintiff would take judgment if the defendants failed to answer. The defendants appeared and filed a motion requiring the plaintiff to separately state and number his causes of action, and to strike out of his prayer the demand for a personal judgment. This motion was overruled. The defendants then answered, admitting the execution of the note and mortgage and claiming that at the time the mortgage was made the land was part of the public domain and was embraced in the pre-emption filing of the defendant, Lafayette C. Sparks, and that the mortgage was therefore void. The defendant then demurred to the petition, which demurrer was overruled. The defendant brings the case here.

*Milton Brown*, for plaintiffs in error.

*Hess & Johnson*, for defendants in error.

JOHNSON, P. J. We will consider such of the assignments of error as we think are necessary for a full determination of this case. This suit was commenced in the District Court of Ford County, Kansas. The mortgaged premises being situated in that county, that was the only county that had jurisdiction over the subject-matter of the action. Art. 5, § 46, Code.

Section 60 of the Code of Civil Procedure ( ¶ 4139, Gen. Stat. 1889 ) reads:

"Where the action is rightly brought in any county, according to the provisions of article 5, a summons shall be issued to any other county against any one or more of the defendants at the plaintiff's request."

This suit was brought in the only county that could take jurisdiction over the mortgaged property,

**1. Service of summons in foreclosure, may be made, where.** and the only way to reach the defendants residing at that time in Wichita County, was by a summons issued by the clerk of the District Court of Ford County, directed to the sheriff of the county where the defendants resided, or where they might be served with summons. When the defendants were duly served in that county, the court was invested with complete jurisdiction of the subject-matter of the action and of the persons of the defendants served, and had full power to adjudicate all questions rightfully arising in said suit.

The particular objection raised to the jurisdiction of the court to render a personal judgment against the defendants below, is, that the clerk **2. Indorsements on summons not necessary.** in issuing the summons did not indorse thereon the amount for which the plaintiff would take judgment, and the summons did not notify the defendants of the nature of the action against them. Section 59 of the Code of Civil Procedure (¶ 4138, Gen. Stat. 1889) reads :

"The summons shall be issued by the clerk, upon a written præcipe filed by the plaintiff; shall be under the seal of the court from which the same shall issue, shall be signed by the clerk, shall be dated the day it is issued. It shall be directed to the sheriff of the county, and command him to notify the defendant or defendants, named therein, that he or they have been sued, and must answer the petition filed by the plaintiff, giving his name, at a time stated therein, or the petition will be taken as true, and judgment rendered accordingly ; and where the action is on contract for the recovery of money only, there shall be indorsed on the writ the amount, to be furnished in the præcipe, for which, with interest, judgment will be taken, if the defendant fail to answer. If defendant fail to appear, judgment shall not be rendered for a larger amount and the costs."

724      Sparks v. Beyer.

S. Dept.      Opinion.   Johnson, P. J.      5 Kan. App.

This was an action for the foreclosure of a mortgage on real estate, and hence no indorsement on the sum-mons of the amount claimed was necessary under the Code. It was not an action on contract for the recovery of money only. *George v. Hatton*, 2 Kan. 333; *Knowles v. Armstrong*, 15 id. 371; *Weaver v. Gardner*, 14 id. 348.

But had the summons been defective, all the defects and irregularities were waived when the defendants appeared in court and moved to require the plaintiff to make his petition more definite and certain; and they thereby submitted themselves to the jurisdiction of the court and were bound by any judgment it might render under the issues presented.

3. Waiver of defects in summons.

The second error complained of is, that the petition of the plaintiff blended various causes of action which should have been separately stated and numbered as provided by the Code. We think that this petition contains but one single cause of action. The plaintiff bases his cause of action upon a bond for seven hundred dollars, with interest coupons attached, and seeks to foreclose the mortgage given to secure the payment of the bond. The object of the suit was solely for the recovery of the amount due for the money loaned on the real estate bond, and secured by the mortgage. The petition stated plaintiff's cause of action in plain and concise language without repetition, and was in the ordinary form of a petition for foreclosure of a mortgage given to secure an indebtedness. There was no error in overruling the motion of the defendants below to require plaintiff to separately state and number his several causes of action.

The next error complained of is the overruling of the demurrer of the defendants below to plaintiff's pe-

SPARKS v. BEYER.                    725

Dec. 1, 1896.        Opinion.  Johnson, P. J.        W. Div.

tition.  The ground of the demurrer was that the action was brought on behalf of a trustee for the benefit of others associated with him as interested in the suit.  The money was loaned by the plaintiff and the bond and mortgage were given to him, and he appeared to be the real party in interest; but if, as defendants below claim, the business was transacted by Charles W. H. Beyer for the benefit of others, and he acted in the making of the contract and the taking of the bond and mortgage for the benefit of others, he might properly bring the action in his own name without joining with him the persons for whose benefit the action was prosecuted.  § 28, Code Civil Procedure.

We do not think there was any error in overruling the motion of the defendants below to strike out portions of the plaintiff's petition as redundant, irrelevant or prejudicial to the rights of the defendants. The petition alleged the execution of the bond, of the coupons and the mortgage, and the amount that was due and unpaid upon the obligations, and there were no redundant or irrelevant allegations in the petition. The allegation in the answer that the land mortgaged was public domain at the time of the execution of the mortgage, was denied by the reply of the plaintiff, and there was no proof whatever offered upon the part of the defendants below to show that the title to the land was in the Government, and that the mortgagors had simply filed a pre-emption claim on the same.  The mortgagors covenanted in the mortgage that they were the owners of the land and had a right to convey.

We have examined this case with great care and are satisfied that no errors have been committed in the rulings of the court in relation to the motions, demurrers and objections to testimony; we find the

judgment of the court in accordance with the evidence and admitted facts, and, there being no error apparent on the record, the judgment of the District Court is affirmed.