Spear, J.
, Upon the record there arises a question identical with that presented in the case of Kulp v. Fleming, disposed of by this court December 3rd last, and we refer to the report of that case as settling the right of a creditor of an insolvent Kansas corporation, (other than railroad, charitable or religious), to maintain in Ohio an action, based upon proper pleadings, against a single stockholder of such corporation, resident of this state, to enforce the statutory liability arising under the constitution and laws of Kansas.
It remains to inquire whether a joint action against several stockholder’s can be maintained by a judgment creditor of such corporation in our courts, and if it can, whether, the suit being brought in the county of the residence of one, summons may go to the other counties to bring in the nonresident defendants. The entire proposition depends, we suppose, on the proper determination of the question whether such joint action may be brought. If it can be, then, under section 5038, Rev. Stat., summons may be issued to any other county against one or more of the defendants.
The finding of the trial court shows, among other things, that the Western Investment Loan & Trust Company was a Kansas corporation, other than railroad, religious or charitable, and that it was insolvent and had been dissolved more than one year prior to the commencement of the action; that Blair was a stockholder to the amount of $2,500 par value; Gage to a like amount; and Graham to the amount of *431 $5,000; and that they, with the estate of Lockwood, were the only stockholders of the corporation within the jurisdiction of the court; that plaintiff below is a judgment creditor of the corporation to the amount of $1,993.52, and that executions had been issued against the corporation on the judgment and returned unsatisfied, and no part of the judgment has been paid. The action was to recover against the defendants on their individual liability as stockholders, not for unpaid stock, but upon their liability to an additional amount equal to the stock owned by each, and it was found that, by the statutes of Kansas, where such corporations have been dissolved leaving debts unpaid, suits may be brought against any person or persons who were stockholders at the time of such dissolution without joining the corporation in such suit, and if judgment be rendered and execution satisfied, the defendant or defendants may sue all stockholders at the time of dissolution for the recovery of such debt for which they were liable, and the execution upon the judgment shall direct the collection to be made from the property of each stockholder respectively; and if any number of stockholders (defendants in the case) shall not have property enough to satisfy his. or her portion of the execution, then the amount of deficiency shall be divided equally among all of the remaining stockholders and collection made accordingly, deducting from the amount a sum in proportion to the amount of stock, if any, owned by the plaintiff at the time the company dissolved.
The contention against the judgment below is put in varying forms. As to Gage and Graham it is insisted that whether the court acquired jurisdiction over them, depends upon the character of the liability imposed by the Kansas statute. If that is joint, *432 or joint and several, they could be joined; if several only, they could not be joined unless the statutes specially provide for joining them in that particular class of several liabilities. In fact, however, the Kansas statutes provide only for a several action, the liability being to respond only to an individual creditor for the whole amount of. his claim up to the amount of the. stockholder’s holdings, there being no provision, as in Ohio, for joining all the stockholders and making an equitable assessment to pay the corporate debts. As matter of principle, the whole contention rests upon the proposition that the defendants were iu no sense joint contractors; that their minds never met; that they never agreed to become jointly responsible for any debt of the corporation, but that whatever obligation each entered into was a several obligation, and that being so, no joint judgment could be rendered against them, and hence no joint action could be maintained.
It is true that the Supreme Court of Kansas, in Abbey v. Dry Goods Co., 44 Kan., 415, and in Howell v. Bank, 52 Kan., 133, held that “the liability of the stockholder is several and not joint, and when proceeded against by action, each must be sued separately.” The stockholders, it may be conceded, are not jointly liable in the sense that the liability is created by the same original instrument, to-wit: the subscription to the stock, for it is not; nor in the sense that one may be held in an unlimited amount for the default of another. He cannot, in any event, no matter how many others default, be held for more than the amount of his stock. But they are all, in a sense, guarantors for the same obligations and jointly liable in the sense that they are, to the extent above stated, equally liable to the creditors for their payment. *433 And while their liability does not arise upon the same original promise, yet it does arise upon a promise of precisely the same character, and when one has paid, he may have contribution against those who have not paid. These are characteristics of joint liability, although, in the strictest sense, as already stated, the-liability is not joint. Beyond this the stockholders became conditionally liable at the same moment and on the same evidence of indebtedness of the company, to-wit: the note which is the foundation of the action, and alike conditionally liable on the judgment obtained thereon at its rendition, and alike absolutely liable at the same moment on the judgment on return of the execution against the corporation nulla liona, the corporation being insolvent and having been dissolved, These conditions as to liability attached to membership in the corporation, and when the corporation was exhausted the liability of the stockholders, all of them, was fixed and determined exactly alike in all respects save as to amount. All were, therefore, liable for the debt of the corporation thus ascertained, and, though perhaps not technically liable as joint obligors, yet beyond question severally liable, and it is difficult to see why they are not fairly brought within the spirit of our statute (section 5009), which provides: “One or more of'the persons severally liable on an instrument may be included in the same action thereon.”
But, however this may be, giving due effect to the decisions cited as settling the question for the state courts of Kansas, do they settle it for the courts of Ohio? The Kansas statute already quoted provides that suits may be brought against any person or persons who were stockholders at the time of the dissolu *434 tion, and then provides that where execution has been satisfied, the defendant or defendants may sue all who were stockholders for contribution and it is further provided that a creditor may sue any stockholder severally. If this procedure were followed in this case and recovery and collection had against Blair (the defendant in whose county the suit was commenced), he might sue the other two severally for their respective shares; or if Blair’s liability did not satisfy the plaintiff’s claim, he (plaintiff) might sue either of the other defendants severally, and if there still remained something due on his judgment, he might sue the remaining defendant, thus leading to a multiplicity of suits. Indeed, it would seem, also, that plaintiff might on this theory, maintain a separate suit against each stockholder at the same time. Such results would be at war with the spirit of our law. Not only is it required in a suit against a stockholder of an Ohio corporation, that all other stockholders upon whom seiwice may be had in the state be brought in, but by numerous provisions of statute is it made manifest that where no unjust results will follow, and where one judgment or decree may end a controversy, all persons who may be even remotely interested in the final result, should be, or must be, made parties so that a speedy end may be had to the litigation. True, our statute requires, as to suits against stockholders of an Ohio corporation, that the corporation be brought in.' The statute of Kansas, however, which gives effect to the stockholder’s contract, dispenses with that formality; so that the right to have the corporation before the court does not attach to the stockholder’s liability; such right does not pertain to his position as a stockholder; and it would seem that, in a case like the one at bar, the *435 presence of the corporation would be a mere formality. A final judgment has been taken against it; it has been dissolved and its, property appropriated; and it is apparent that its presence as a party could not avail either litigant in any aspect of the case. True, also, is it that the other creditors, if such there be, are not parties. But here, too, it is not perceived that their absence can work prejudice to any of the defendants, inasmuch as the statute of Kansas, the law which gives character to the liability of the stockholders, and determines the substantive rights of all the parties, in terms permits one creditor to sue for himself, and protects the stockholder, where his statutory liability has been exhausted, from subsequent suits of other creditors. These matters all pertain to the legal rights of the parties, and for a determination of such rights, we look to the law of the jurisdiction where the liability accrued. Not, so, however, necessarily with respect to the manner and means by which those rights are to be enforced. These are matters of procedure only. They relate, not to the substantive rights of the parties, nor to the rules of law upon which their respective claims are to be ultimately decided, but to the form of action and method of conducting it. So° that, if the subject of the litigation can, consistent with the- rights of the parties, be determined in one action, no reason is apparent, under the spirit of our laws, why such action cannot be maintained. In this manner the substantial rights of the parties are enforced, not as matter of comity, but because of a contract liability entered into in another state, and made enforcible by the laws of that state. But, in thus giving effect to the law of a sister state as to matter of liability and the right to recover, we are not required to adopt the methods of the courts *436 of that state in working ont results either upon the ground of comity or otherwise. But even the Kansas statute does not undertake to provide any form of action. It merely provides that suits may he brought against any persons who are stockholders, and in N. Y. Life Ins. Co. v. Beard, 80 Fed. Rep., 66 (U. S. Cir. Ct., Dist. of Kan.), it is distinctly held that the provision above stated contemplates “a proceeding either at law or in equity, as the facts may require, and that, while the liability is a severable one against each stockholder, yet to avoid a multiplicity of suits, a bill in equity may be maintained by judgment creditors against a number of the stockholders to- enforce this double liability, and at the same time their liability for any unpaid stock.” Foster, J., in the opinion, observes: “There is a severable liability imposed on each stockholder, and doubtless the creditor could proceed at law against any single stockholder; but it does not follow that this remedy is necessarily exclusive, and I do not understand that the Supreme Court of Kansas has so held in Abbey v. Dry Goods Co., 44 Kan., 415, or in Howell v. Bank, 52 Kan., 133. If a party has a plain and adequate remedy at law, equity will not interfere. Among the reasons, however, which justify a resort to equity, is that it prevents a multiplicity of suits at law.” Much learning on the subject is epitomized by Professor Pomeroy in his work on equity jurisprudence. We quote section 181: “Where numerous actions ' at law are brought, or are-about to be brought, either by the same or different parties, all involving and requiring the decision of the same questions of law or of fact, so that the determination of one would not likely affect the others, a court of equity may, in order to do full justice to the litigants and to avoid great expense, *437 take cognizance and adjudicate upon all the rights and confer all the remedies in one suit, although both the primary rights and the final reliefs are legal. This instance of the concurrent jurisdiction plainly rests upon the arbitrary, unyielding and insufficient modes of procedure in actions at law, and in the ample power of the equitable procedure to adapt its judicial processes and its final reliefs to the circumstances of each case, by bringing in all these parties by means of one suit and decree.” Again, section 243: “The multiplicity of suits to be avoided, which are generally actions at law, shows that the legal remedies are inadequate, and they cannot meet the needs of justice; and therefore a court of equity interferes, and although the primary rights and interests of the parties are legal in their nature, it takes cognizance of them, and awards some specific equitable remedy, which gives, perhaps, in one proceeding more substantial relief than could be obtained in numerous actions at law.” Section 245: “Where the same party has or claims to have some common right against a number of persons, the establishment of which would regularly require a separate action brought by him against each of these persons, or. brought by each of them against him, and instead thereof he might procure the whole to be determined in one suit brought by himself against all the adverse claimants as codefendants. It should be observed in this connection that the prevention of a multiplicity of suits as a ground for the equity jurisdiction does not mean the complete and absolute interdiction or prevention of any litigation concerning the matters in dispute, but the substitution of one equitable suit in place of the other kinds of judicial proceeding, by means of which the entire controversy may be finally decided.” Also *438 section 269 : “The weight of.authority is simply overwhelming that the jurisdiction may and should be exercised either on behalf of a numerous body of separate claimants against a single party, or on behalf of a single, party against such a numerous body, although there is no common title nor community of rights or of interest in the subject matter, among these individuals, but where there is and because there is merely a community of interest among them in the questions of law and fact involved in the general controversy, or in the kind and form of relief demanded and obtained by or against each individual member of the numerous body.” Quoting further, and from section 274: “The jurisdiction has been exercised in the following cases belonging to this class, and in most, if not all of them, it may be regarded as fully settled: In suits by a single plaintiff to establish a common right against a numerous body of person's, where the opposing claims of these individuals .have some community of interest, or arise from some common title; * * * in suits by a single plaintiff against a numerous body of persons to establish his own right and defeat all the opposing claims, where the claims of these persons are legally separate, arose at different times and from different sources, and are common only with respect to their interest in the question involved and in the kind of relief to be obtained by or against each; in suits by a single plaintiff against numerous defendants, parties to a complicated contract, where his rights against each are similar and legal, but would require, for their determination, a number of simultaneous or successive actions at- law.” Mr. Morawetz, in his work on private corporations, section 896, upon the same general subject,- observes: “However, *439 the remedy hy action atlatv does not exclude the remedy by bill in chancery. The scope of the two remedies is not the same. In an action at law, no final adjustment of the rights and equities existing among the stockholders and creditors is possible; in a proceeding in chancery, hoAvever, all rights and remedies can be fully adjusted and protected. The general rule, therefore, is, that, although a creditor may sue the individual stockholder at law to enforce his statutory liability, the courts of equity maintain the jurisdiction for the purpose of enforcing ratable contribution among the stockholders and making just distribution of the proceeds among all the company’s creditors.”
It is further insisted that the right to be sued separately is a right Avhieh inheres in the contract on which the liability of the Kansas stockholder rests, by virtue of the construction of the statutes by the Kansas courts; because when it is held that the stockholders must in that state be sued • separately, the implication follows that they cannot be sued otherwise in any jurisdiction. But the answer to this is that the effect of the Kansas statutes is to make the obligation of the stockholder a contractual one, and an obligation resting upon contract may be enforced in any jurisdiction where service may be had on the party, and the method of enforcement, as we have already found, depends, not upon the law of the state where the contract is made, .but upon that of the state where its enforcement is sought. There can be no vested right in the form of remedy. So that, when a stockholder subscribes to the capital stock of a corporation, he thereby assumes a contractual obligation, with the incident that the creditor may pursue him in any jurisdiction where service may be had *440 upon him, and thus necessarily consents to the maintenance of such form of action as the law where the enforcement is sought may permit. We are aware that there are decisions of courts of high standing, which are in apparent conflict with the conclusion we have reached, but, with due respect, we are not able to assent to the binding force of those decisions as applied to the jurisprudence of Ohio. Among many decisions bearing in greater or less degree upon the questions here discussed, we cite: Umsted v. Buskirk, 17 Ohio St., 113; Railroad Company v. Babcock. 154 U. S., 190; Railway Company v. Cox, 145 U. S., 593; Dennick v. Railroad Co., 103 U. S., 11; Brown v. Trail, 9 Am. & Eng. Corp. Cases (An.), 162; and cases there cited: Weber v. Fickey, 47 Md., 196; Ball v. Reese, 50 Pac. Rep., 875; Jacobson, Rec., v. Allen, 12 Fed. Rep., 454; Ferguson v. Sherman, 116 Cal., 169.
It is further urged that the petition in this case is a mere creditor’s bill in chancery, and' that a creditor’s bill cannot be maintained in this state on the judgment of another state. Not at all. The suit is not brought to reach debts due the corporation. The stockholder is not a debtor of the corporation; he is a debtor of the creditor. The form of the proceeding, it is true, is in the nature of an equitable action. The object is to bring stockholders who are within the jurisdiction of the Ohio court before it in one action, in order, as heretofore stated, to avoid a multiplicity of suits. This is the province of equity; we see no insuperable barrier to the accomplishment of that object in this suit. But the form of action is not of consequence here. Both by the statute of Kansas and by our own, the distinction between actions at law and suits in equity,and the forms of all such ac *441 tions and suits, heretofore existing, are abolished, and-there is substituted one form called a civil action. The sufficiency of a petition depends upon the allegations and not upon the form. If the action be properly brought, and the allegations of fact sufficient, the form is not of consequence.
We have not adverted to all the numerous propositions of counsel. All have, however, been considered.
The judgment of the courts below is further criticised by counsel for Graham as erroneous in amount, it being insisted that there is no evidence warranting the finding that he was the owner of $5,000 of stock par value. He does not deny having been a stockholder. An examination of the record shows there is some evidence tending to support the judgment in this respect, and it seems apparent that the cause was tried upon the assumption that he was the owner of stock in that amount.
The defendant in error, Newbegin, complains that in computing interest, the court should have given him interest at 12 per cent., that rate being provided in the original obligation of the company and permitted by the law of Kansas, but we are unable to see, that, upon the record here, the judgment should be disturbed in that respect.
The judgment of the common pleas is in form joint against all the defendants. This works no prejudice in the present case because of the fact that, allowing interest against each from the commencement of the action (Mason v. Alexander, 44 Ohio St., 318) the liability of each is greater than the amount of the judgment in favor of Newbegin, and costs. But the judgment below lacks definiteness in respect to its enforcement. An entry will, therefore, be made in this court affirming the judgments below, but,pro *442 viding, also, for the issue of executions directing the collection from each of the judgment debtors of his pro rata proportion of the plaintiff’s judgment, interest, and of all costs taxed and to be taxed, and providing that if such pro rata proportion cannot be collected from any of the judgment debtors, the deficiency be collected pro rata from the other judgment debtors.

Judgment accordingly.

Minshall, C. J., Williams, Burket, Davis and Shauck, JJ., concur.