THE CITY OF WATERLOO v. THE WATERLOO STREET R'Y CO.

1. **Injunction**: GRANTED ONLY IN ABSENCE OF LEGAL REMEDY: ILLUSTRATION. Injunction is an extraordinary remedy, and it will be granted only when the party is likely to suffer some irreparable injury against which he has no other speedy or adequate remedy. Accordingly, where plaintiff had granted to defendant the privilege to construct and maintain a street railway on its streets and alleys, providing that the track should conform to the established grade, but with no provision in regard to the kind of rail to be used, or the guage of the road, *held* that it was not entitled to an injunction to restrain the defendant from using a certain kind of rail, or from building its road upon a certain guage, on the ground that thereby the defendant would cause its track to be a nuisance; because the plaintiff did not part with its lawful authority over its streets, and, in the exercise of such authority, it had full power to make and enforce all necessary and reasonable regulations as to the manner in which the track should be constructed and maintained, and it had no need of the interference of equity.

*Appeal from Black Hawk District Court.*

WEDNESDAY, MARCH 9.

THIS is an action in equity to restrain the defendants from laying down a street railway track in one of the streets of the plaintiff city. Defendant appealed from an order overruling a motion to vacate a temporary injunction.

*L. W. Reynolds* and *Platt & Hoff*, for appellant.

*C. W. Mullan*, for appellee.

REED, J.—The city counsel of plaintiff passed an ordinance granting to defendant the exclusive privilege of constructing in the streets and alleys of the city the necessary tracks for a street railway. The privilege granted extended to all the streets and alleys of the city, and was to continue for thirty years. Defendant accepted the grant, and proceeded to construct and operate its railway in a number of streets. It afterwards commenced the work of constructing a track in Jefferson street, when the council passed an ordi-

nance which, by its terms, repealed the former grant, but granted the same privilege as to the streets then occupied by defendant. The city thereupon commenced this action, alleging in its petition that, in constructing its track in Jefferson street, the defendant was acting without authority or right. The petition was presented to the judge of the district court, who, without any notice of the hearing having been served on defendant, granted a temporary writ of injunction, restraining defendant from prosecuting the work on that street. After this writ had been served, defendant appeared, and filed an answer, setting up the grant under which it claimed to be acting, and denying that it was acting without authority. Plaintiff thereupon filed an amendment to its petition, in which it alleged that defendant was using in the construction of the track what is known as the "T" rail, which was a different rail from that ordinarily used in street railways; also that it was constructing the track on an unusual gauge, and that, if it was permitted to construct the track with that rail, and on that gauge, it would constitute a nuisance, and would greatly obstruct and interfere with the use of the street for ordinary purposes. Defendant answered this amendment, admitting that it was using the "T" rail, but denying that said rail was not ordinarily used in street railways, or that the gauge on which it was constructing its track was an unusual gauge, or that the track would constitute a nuisance. It also moved to vacate the injunction on the grounds, among others, that the order granting the writ was made without notice to it, and that, the material allegations of the petition being denied, the writ ought not to be continued. The present appeal is from the order overruling that motion.

The grounds upon which the motion was denied were set out in the decision. The court held that, as the grant had been accepted by defendant, and partially performed, it constituted a contract between the parties, the terms of which could not be impaired or changed by the subsequent action

of either of them. It held, further, that the question whether the track, as defendant proposed to construct it, would constitute a nuisance, could only be determined upon a full hearing of the evidence, and that the injunction should be continued until such hearing was had; also that notice of the hearing of the application for the temporary writ was not essential.

Counsel for the city did not claim in this court that the city could repeal the grant after it had been accepted and performed in part by defendant, if its original action in making it was valid. In our consideration of the case, we will assume that the grant, if the city had power to make it, constituted, after the acceptance, a contract between the parties, the obligation of which could not be impaired by the action of one of them.

Counsel contended, however, that the grant was invalid for the reason that the city had no power to give to defendant an exclusive privilege to use the street. But, if these premises were conceded, it would follow only that the city, notwithstanding the grant to defendant, might lawfully confer the same privileges upon others, and not that the grant of the privilege to it did not confer upon it the right to use the street for the purpose intended.

Coming, then, to the ground upon which the court placed its ruling, we deem it unnecessary to enter upon any discussion of the question whether an injunction should be granted against a mere threatened nuisance; for the record discloses a state of facts which, to our minds, afford a very conclusive reason why plaintiff ought not to be permitted to maintain the action. The ordinance making the grant was attached as an exhibit to the pleadings, and is set out in the abstract. It is simply a grant of the privilege to construct and maintain a street railway in the streets and alleys of the city. It provides that the track of the railway shall be made to conform to the established grade of the streets, and that it shall be planked at the crossings. There are no provisions as to

the rail which shall be used on the track, or the gauge upon which it shall be constructed. Now, the council of the city is vested by law with the power to determine the condition of repair in which the streets shall be kept. They have full control over the streets, and they may make any reasonable and necessary regulation as to the manner in which they shall be used. It does not appear to us that their powers in this respect are at all affected by the contract with defendant. The city may require defendant to so exercise the privileges conferred upon it by the grant as that the use of the street for ordinary purposes will not be unreasonably interfered with. It has the power to make all necessary and reasonable regulations as to the manner in which the track shall be constructed, and the condition in which it shall be maintained. It has the power, also, to enforce its regulations. Having these powers in its possession, it does not need the aid of a court of equity. Injunction is an extraordinary remedy, and it will be granted only when the party is likely to suffer some irreparable injury against which he has no other speedy or adequate remedy. Clearly, plaintiff is not in that condition. We find it unnecessary to consider whether the writ should have been dissolved because no notice of the application was given to defendant.

REVERSED.