THE WAUKESHA HYGEIA MINERAL SPRING COMPANY, Appellant, vs. THE PRESIDENT AND TRUSTEES OF THE VILLAGE OF WAUKESHA and others, Respondents.

*November 1 — November 15, 1892.*

*Municipal corporations: Restraining unlawful excavations in streets: Village board: Reconsideration of ordinance: Publication.*

1. A village may maintain an action to restrain the unlawful excavation of trenches and laying of water pipes in its streets.

2. A village charter was silent on the subject of reconsideration, but authorized the village board to establish rules to govern its proceedings.  *Held,* that the right of reconsideration was inherent in the board, and that it might prescribe the procedure thereon.

3. Where a village board has, by ordinance, granted to a corporation the right to lay water pipes in its streets, it may reconsider such ordinance before it takes effect or, after it takes effect, before it is accepted or acted upon by the corporation.

4. A village charter provided that any ordinance enforcing a penalty or forfeiture for its violation should be published one week before it should be in force, but did not require publication of other ordinances.   An ordinance not required to be published provided that it should be in force after its publication.  *Held,* that the publication intended was for one week.

83  475
85  128

83  475
86  292

83  475
97  413

83  475
103  280

83  475
105  395

83      475
61 LRA  78n

The Waukesha Hygeia Mineral Spring Co. vs. Waukesha and others.

APPEAL from the Circuit Court for *Waukesha* County.

This is an appeal from an order refusing to grant a preliminary injunction as prayed by the plaintiff corporation, and granting an injunction prayed for by the defendants or some of them.

On July 14, 1891, the president and trustees of the village of *Waukesha*, at an adjourned meeting of the village board, passed an ordinance granting to the plaintiff corporation, its successors and assigns, " the right and franchise of laying water pipes or mains from any spring or springs now owned or hereafter to be purchased or leased by said *Waukesha Hygeia Mineral Spring Company*, its successors or assigns, in the village of *Waukesha*, Waukesha county, Wisconsin, under and through the streets, alleys, and public grounds of the village of *Waukesha*, for the sole purpose of conducting the water of said springs, or of all or either of them, by said pipe line or lines, to the city of Chicago, in Cook county, Illinois, and to the World's Fair Columbian Exposition, there located, and in that connection to construct, erect, and operate upon any of the grounds of said *Waukesha Hygeia Mineral Spring Company*, in said village of *Waukesha*, suitable pumping stations, reservoirs, and connections for supplying said pipe line with mineral water from said springs."

The ordinance further required that the route selected for the corporation for laying its pipe, and the kind and quality of its pipe, should be approved by the village engineer of *Waukesha* before any excavation should be made; that such pipe and excavations should not in any manner interfere with any gas, water, or sewer pipes then laid in such village; and that within sixty days after the passage of the ordinance the plaintiff company should furnish the president and trustees of the village a bond with sureties, to be approved by them, conditioned, among other things, for the faithful performance by the company of the re-

quirements of the ordinance. It also provides that "all pipe laid in the village of *Waukesha* to be laid between September 1, 1891, and May 15, 1892." Also that "no more than 200 feet of trench shall be open at any one time in the laying of said water pipe," etc. Sec. 5 provides that "this ordinance shall take effect and be in force from and after its passage and publication."

On the same day the ordinance was signed by the president of the village of *Waukesha*, and countersigned and attested by the clerk of said village, and within one week thereafter was published in the Waukesha Journal, a weekly newspaper published in that village, and at that time the official paper of the village. It seems to be conceded that such publication was first made on July 19, 1891.

At a regular meeting of the board of trustees of the village held July 21, 1891, on motion and regular proceedings duly taken, such board voted to reconsider the vote by which the ordinance was passed, and at another meeting, on August 4th, the board further voted to lay such ordinance upon the table. No further action upon the ordinance has been taken by the board.

Within the sixty days specified in the ordinance the plaintiff company tendered to the president and trustees of the village a bond in the form required by the ordinance, with sufficient sureties, but such president and trustees refused to approve the same. Soon after the ordinance was passed (the date not appearing), the *Hygeia Company* selected a route for its trenches, and the quality of pipe to be used therein, and obtained the approval thereof of the village engineer. It seems that the route thus selected and approved was along West avenue. Also, on August 5, 1891, said company notified such president and trustees of its acceptance of the ordinance and the rights and franchises therein granted, on the conditions therein specified, which the company promised to perform; and that it had

already entered into contracts with parties to do the work contemplated by the ordinance, and had bound itself to pay for such work.

On May 7, 1892, the officers and agents of the plaintiff company appeared in *Waukesha* with a large force of men, and were about to commence the excavation of trenches in a street of the village, to wit, West avenue, in which to lay pipe for the purposes specified in the ordinance, but were prevented from doing so by the active opposition and resistance of the officers and citizens of *Waukesha*.

The plaintiff company did not abandon the enterprise, but threatened to excavate the streets and lay its pipe, and made further attempts to do so, which were successfully resisted in like manner. Thereupon the president and trustees of the village commenced an action in the county court against the *Hygeia Company* to restrain it from excavating trenches and laying pipe in the village streets. A preliminary injunction was granted, restraining the company from digging or obstructing St. Paul avenue and State street in said village, it being supposed that the company intended to lay its pipe in those streets. The place of trial of that action was changed to the circuit court, and a complaint was duly filed therein, to which the company interposed an answer. In such complaint the intention of the company to excavate West avenue is charged.

The *Hygeia Company* then commenced an action in the circuit court against the president and trustees of the village of *Waukesha* and certain citizens of said village, to obtain an injunction restraining the defendants from interfering with the company in excavating trenches in the streets of the village, and laying their pipe therein pursuant to the ordinance. To the complaint filed therein the defendants interposed an answer. The *Bethesda Mineral Spring Company* was made a defendant to the action on its own petition. It interposed an answer and counterclaim

to the complaint, and demanded that an injunction be issued restraining the *Hygeia Company* from excavating West avenue in said village, on which the lands of such defendant abut.

By consent of the parties the court made an order consolidating the action commenced by the president and trustees of the village with the action in which the *Hygeia Company* is the plaintiff. The title of the last-mentioned action is retained as the title of the consolidated action. The plaintiff moved for a preliminary injunction in accordance with the prayer of its complaint. The court denied the motion, continued the injunction granted by the county court, and granted a further injunction " restraining the said plaintiff from· digging up the streets in said village and from laying any pipe therein, or doing any act under said ordinance upon the streets, and any of them, upon the filing of a bond on said injunction in the penal sum of $10,000 on the part of all the defendants answering in the action." From the order in that behalf plaintiff appeals.

For the appellant there were briefs by *Frank M. Hoyt,* attorney, and *Keep & Lowden,* of counsel, and oral argument by *Mr. Hoyt* and *Mr. F. O. Lowden.*

For the respondents there were briefs signed by *T. W. Haight* and *Ryan & Merton,* attorneys, and *W. W. Wight,* of counsel, and the cause was argued orally by *T. E. Ryan, E. Merton,* and *T. W. Haight.* To the point that no validity attaches to an ordinance before publication when it is required to be published, they cited *Smith v. Sherry,* 54 Wis. 121; *Gormley v. Day,* 114 Ill. 185; *Red v. Augusta,* 25 Ga. 386; *State v. Foster,* 7 N. J. Law, 101; *Stoddard v. Gilman,* 22 Vt. 568; *Pond v. Negus,* 3 Mass. 230; *Butler v. Palmer,* 1 Hill, 324; *Van Inwagen v. Chicago,* 61 Ill. 31.

LYON, C. J. 1. It is maintained by the learned counsel for plaintiff (the *Hygeia Mineral Spring Company*) that

the village of *Waukesha* cannot maintain an action in the name of its president and trustees to enjoin that company from excavating trenches in the village streets, and laying its pipe therein, even though the company has no legal authority to do so. Without entering upon an extended discussion of this proposition, it is sufficient to say we are of the opinion that such right of action in the municipality is established by the judgment of this court in *Jamestown v. C., B. & N. R. Co.* 69 Wis. 648. The reason is that such unlawful interference with the streets puts them out of repair, and almost necessarily increases, for the time being, the liability of injuries to persons and property of travelers thereon because of such defective condition. The village, being responsible for injuries caused by defects in its streets, and being charged by law with the duty of keeping them in repair, has such an interest in the streets that it may maintain actions to prevent any unlawful injury to them. The reasons why the case of *Milwaukee v. M. & B. R. Co.* 7 Wis. 85 (on which counsel for plaintiff rely as denying a right of action by the village), was not applicable to that case, and is not to this, are stated by Chief Justice COLE in his opinion in the *Jamestown Case.* We hold that the village of *Waukesha* may maintain such action.

2. For the purposes of this appeal it will be assumed that the village board of *Waukesha* had legal authority to grant to the *Hygeia Company* (the plaintiff) the right, on the conditions specified in the ordinance of July 14, 1891, to excavate trenches in the streets of the village, and to lay pipe therein for the purposes specified in the ordinance.

3. If the ordinance went into effect and remained in force,— that is, if there was no effectual reconsideration by the board of the vote by which it was passed,— it will be assumed that it still remains in force, and that, since its acceptance by the *Hygeia Company*, and the expenditure by the company of considerable sums of money on the

faith of it, the same is irrepealable without the consent of the company.

4. Was there an effectual reconsideration by the village board of the vote of July 14, 1891, by which the ordinance was passed? If the ordinance had not become absolutely binding upon the village before the motion to reconsider the vote of July 14th by which it was passed was adopted, there can be no doubt, we think, of the right of the village board to reconsider such vote, subject only to such restrictions as are imposed upon the board by the charter and by-laws of the village. Such right, in some form, is inherent in all deliberative assemblies or bodies. If a motion to reconsider, properly and timely made, prevails, the effect is to abrogate the vote reconsidered, and the matter stands before the assembly or body in the same condition as though the reconsidered vote had not been passed. Cush. Parl. Law, §§ 1264–1266.

The charter of the village of *Waukesha* is silent on the subject of reconsideration, but it authorizes the village board to establish by ordinance, resolution, or by-law rules to govern its proceedings. This gives the board power to prescribe the procedure on the reconsideration of votes. A copy of the village ordinances and by-laws, purporting to be published by authority of the board, was used on the argument. Its authenticity was not questioned. It contains a by-law on the subject of reconsideration. Although it is not found in the record before us, yet, inasmuch as it restricts, to some extent, the common-law or inherent right of reconsideration, it will be most favorable to plaintiff to regard it as properly before the court. We therefore construe the averment in the pleadings that the vote by which the ordinance was passed was *duly* reconsidered as an averment that it was reconsidered in the manner authorized by the by-law. It reads as follows: "It shall be in order for any member voting in the majority to move for a recon-

sideration of the vote on any question at the same or next succeeding meeting."

We are of the opinion that the vote of July 14, 1891, was effectually reconsidered for either of two reasons: *First*, because the ordinance had not taken effect when the vote on its passage was reconsidered; and, *second*, if it had then taken effect, the vote on its adoption was reconsidered at the next succeeding meeting of the board, on motion duly made, and before the *Hygeia Company* had accepted the ordinance or made any expenditure on the faith of it.    Sec. 21 of the village charter (P. & L. Laws of 1859, ch. 30) provides that "any ordinance, regulation, rule, or by-law enforcing any penalty or forfeiture for the violation of its provisions, shall be published one week in some newspaper printed in said village before the same shall be in force."    We find no provision in the charter requiring the publication of ordinances which do not impose such penalties or forfeitures.    The ordinance of July 14, 1891, seems to belong to the latter class, and not to the class specified in sec. 21.    Probably it could have been framed so as to be operative without publication.    But it was doubtless competent for the village board to provide that it should take effect at some future time, or on the happening of some future event.    The board provided that it should take effect and be in force from and after its passage and publication. It is fair to assume that the board intended by the use of the latter term a publication for one week, as the term is used in sec. 21.    The ordinance was first inserted in the official newspaper on July 19th, and the week expired July 26th; hence we think that the ordinance could not have taken effect until the latter date.    It is the same as though it had been expressly provided therein that it should not be in force until July 26th.    Before that date the motion to reconsider the vote by which the ordinance was passed was adopted.    Of the right of the village board to recon-

sider that vote at any time before July 26th, provided it was done in accordance with the by-law on that subject, we can entertain no doubt whatever; and in such case it would seem to be immaterial had the company accepted the prospective ordinance or expended money on the faith of it, before the reconsideration. Such acts could not defeat the right of the board to reconsider before the ordinance took effect.

Again, let us suppose that the ordinance was in force when the vote to reconsider was passed. The ordinance was a voluntary grant of a privilege or easement to the *Hygeia Company*, for which the village received no consideration whatever. It was purely gratuitous, and, until accepted and acted upon by the grantee, was a mere license, which the grantor might revoke at its pleasure. The grantor did revoke it by reconsidering the vote adopting it before the ordinance was accepted or acted upon by the grantee, in strict compliance with the by-laws of the village board in that behalf. Hence, in any view of the case, we are impelled to the conclusion that when the *Hygeia Company* threatened and attempted to exercise rights under the ordinance to the injury of the streets of the village and of the owners of lands abutting such streets, it acted without authority of law, and the court properly enjoined it from doing such acts.

*By the Court.*— Order affirmed.