THE STATE OF KANSAS, *on the relation of City of Greeley, et al.*, v. W. H. McCLURE.

TOWN SITE — *Dedication — Evidence Sustaining Findings.* Where the original plat of a town site, filed by the proprietors in 1859, shows that a certain quarter of a block was platted into lots, but which the plaintiffs contend was dedicated by the declarations and conduct of the owners for a public square, and where said ground has been assessed for taxation, and taxes paid thereon a portion of the time, and said lands marked on the assessment roll as exempt during other portions of the time, and the testimony fails to show a clear, unequivocal and uncontradicted dedication and acceptance of such ground to public use, the findings of the trial court in favor of the defendant cannot be ignored or set aside; and *held*, that in this case there was evidence to sustain every material finding of fact.

### *Error from Anderson District Court.*

THIS action was brought to enjoin the defendant from occupying and using the southeast quarter of block 49, in the city of Greeley. The plaintiff claims that the whole east half of said block is a public square. The defendant claims that the southeast quarter of said block is divided into four lots, and is his private property. It is conceded on all hands that the northeast quarter of said block is public ground. The ground in controversy is a part of the east half of section 30, township 19, range 21, in Anderson county. The court made special findings of fact, from which it appears, among other things, that the east half of section 30 was surveyed into a town site in April, 1857, by Jacob Benjamin, Hermann Weiner, and August Bondi, and that a plat thereof was made and acknowledged on November 21, 1857; that when the survey was made, block 49 was designated as one of the blocks in said town site; that the southeast quarter of said block was surveyed into lots and designated by numbers as in other blocks; that the northeast quarter of said block was not so surveyed into lots, but was left for a public square, and designated on the plat by exterior lines only; that several plats of said town site were made by the surveyor who made

such survey, and that on one of the plats so made the whole of the east half of block 49 was left undivided into lots. On the 19th of March, 1859, the plat showing the subdivision of the southeast quarter of block 49 into lots was duly filed for record in the office of the register of deeds of Anderson county. The title to the lots in question passed, by a chain of conveyances, from the original proprietors to the defendant, McClure. No improvements were ever made by any public authority on the east half of block 49 except the digging of a public well on the northeast quarter of the block, about the year 1859. In the years 1859, 1860, and 1861, a blacksmith shop was built west of and opposite the southwest corner of said east half of block 49, fronting east on an alley extending north and south through said block. North of that a hotel was built, fronting east on said alley and opposite the southeast quarter of the block. "When said blacksmith shop was located, Mr. Benjamin, who was the business manager of the town company, pointed out the whole of said east half as a public square; and, in offering lots for sale around said east half, he sometimes said it was reserved for public ground and for perhaps public buildings; and it seems that, after the survey and plat were made, the proprietors consulted about dedicating it to public uses, but such dedication was never made, and the plat so recorded showed to the contrary."

The defendant was seeking to make use of these lots when this action was brought to enjoin him from doing so.

The court found against the plaintiffs and rendered judgment in favor of the defendant. The plaintiffs bring the case to this court.

*James D. Snoddy,* for plaintiffs in error:

We claim that the findings of the court are not sustained by the evidence. The court seems to have conceived the idea that there could be no dedication except by writing, or that after the plat was filed the proprietors could not dedicate to the public what by the plat they had seemed to have retained to themselves. Either view is not the law. There

is not a word of testimony nor a circumstance which contradicts or limits or qualifies the testimony for the plaintiff showing the intention on the part of Benjamin, as long as he was proprietor of this property, to dedicate the whole of the east half of block 49 to public use as a "public square." *Brooks v. City of Topeka*, 34 Kas. 277; *Maywood Co. v. Maywood*, 6 N. E. Rep. 866; *Comm'rs of Franklin Co. v. Lathrop*, 9 Kas. 464, 465; *Comm'rs of Wyandotte Co. v. Presbyterian Church*, 30 id. 642, 643, 644; *Hitchcock v. City of Oberlin*, 46 id. 90, 94; *Comm'rs of Miami Co. v. Wilgus*, 42 id. 458.

In this case, Mr. Justice VALENTINE says: "It (Seminary square) was never assessed or taxed, which it would have been had it been considered private property." *Weeping Water v. Reed*, 31 N. W. Rep. 801, 802; *Hays v. Houk*, 45 Kas. 66; *Cemetery Association v. Meninger*, 14 id. 312.

The proposition that a portion of the east half of block 49 may have passed to the public by a statutory dedication, and the other portion by a dedication *in pais* is too plain to need argument or authority to establish. Upon the evidence in this case, it is not entirely clear that there was a statutory dedication of any part of block 49. At the date of the acknowledgment, November 21, 1857, the persons executing the acknowledgment had no title to the land embraced in the plat. It was then the property of the United States, and could not be conveyed by Benjamin, Bondi, and Weiner. Whether the plat acknowledged November 21, 1857, was filed by the occupants of the town site or by the persons claiming to be proprietors does not appear, nor is it hinted at in the testimony. No presumption can be indulged because the persons making the plat were not the owners of the land embraced in it when it was made.

*A. Bergen*, for defendant in error:

The defendant submits the following as reasons why the judgment should be affirmed:

1. There was no statutory dedication of the ground in con-

troversy. Gen. Stat. of 1889, ¶¶ 4008–4010; *Fisher v. Carpenter*, 36 Kas. 184.

2. There was no such certain and unequivocal dedication at common law or *in pais* by any owner of the ground as is required by any rules of law or equity. *Grube v. Nichols*, 36 Ill. 96; *Trustees v. Walsh*, 57 id. 363–371.

3. There was no acceptance by the public. This was necessary in order to constitute a valid dedication. *Logansport v. Dunn*, 8 Ind. 378; *Westfall v. Hunt*, 8 id. 174; *Tillman v. The People*, 12 Mich. 405; *Badeau v. Mead*, 14 Barb. 328; *Trustees v. Walsh*, 57 Ill. 368–371; *Baker v. St. Paul*, 8 Minn. 491–494; *Cemetery Association v. Meninger*, 14 Kas. 312; Wash. Ease., mar. pp. 147, 148.

4. Such acceptance must be before the owner withdraws the proposed dedication. *Baker v. St. Paul*, 8 Minn. 491; *Logansport v. Dunn*, 8 Ind. 378; *Tillman v. The People*, 12 Mich. 405.

5. "Where land is appropriated for a public park, evidence that the land has been used for agricultural fairs, and by traveling showmen, and by boys in ball playing, is not sufficient to show acceptance." *Baker v. Johnson*, 21 Mich. 349.

6. The statute of frauds stands in plaintiff's way. There was no writing. There is no estoppel, no expenditure of money, nor making of improvements which takes the case out of the statute. Gen. Stat. of 1889, ¶ 3165.

7. The defendant was a *bona fide* purchaser for value, without notice, actual or constructive, of plaintiff's claims. *Boerner v. McKillip*, 52 Kas. 508.

8. The defendant and his lessees, having been in the actual, visible, open, notorious and exclusive possession and occupancy of the ground in controversy at the time the suit was commenced, and for more than six years prior thereto, this equitable action for injunction, in which the defendant had no right to require a trial by jury, nor a second trial nor other rights provided by law in actions for the recovery of real estate, could not properly be maintained by the plaintiffs,

the state, on the relation of the county attorney, and the city of Greeley, as joint plaintiffs, their title being not "clear" nor free from conflict, "and the defendant not being insolvent."

The authorities cited to sustain the last proposition are as follows: High, Inj., §§ 28, 701, 745; *Jerome v. Ross,* 7 Johns. Ch. 315, and notes, 11 Am. Dec. 498; *Bracken v. Preston,* 44 id. 416–420; *Rhea v. Forsyth,* 37 Pa. St. 503, note, 78 Am. Dec. 441; *Smith v. Gardner,* 53 Am. Rep. 342; 7 Pac. Rep. 24; *City of Council Bluffs v. Stewart,* 51 Iowa, 385; *Gulf Rld. Co. v. Wheaton,* 7 Kas. 232; *Sword v. Allen,* 25 id. 67; *Webster v. Cooke,* 23 id. 637; *Hurd v. Comm'rs of Harvey Co.,* 40 id. 92; *Bodwell v. Crawford,* 26 id. 294; *Dummer v. Selectmen of Jersey City,* 40 Am. Dec. 216; *Winona v. Huff,* 11 Minn. 75; Sedg. & W. Tit., ch. 8, § 267.

The opinion of the court was delivered by

ALLEN, J.: It is claimed that the findings in this case are contrary to the evidence, and it is especially urged that a valid dedication of the whole of the east half of block 49 was made by the statements and conduct of the owners of the land. It is not seriously contended that there was a valid statutory dedication, although it is urged that changes were made in one or more of the maps after they were originally drawn, so as to show that the southeast quarter of the block was divided into lots. The strongest facts tending to sustain the plaintiff's theory are, that Benjamin sometimes said, in offering lots for sale, that the east half of the block was reserved for public grounds, and that a blacksmith shop and hotel were built fronting on the southeast quarter of the block. It also appears that from 1874 to 1881 these lots were not assessed for taxation, but during part of the time were marked on the assessment roll, "East half block 49, public square, exempt." It appears that the ground remained vacant until 1881, when one of the lots was occupied by defendant's lessees. From 1867 to 1873 inclusive, the parts of the east half of section 30 belonging to the defendant were not separately assessed, but were included under a general assessment, varying in form, in

the different years, stated in acres, and the taxes so assessed were paid by the defendant, and from and after 1882 they were assessed by numbers, as lots, and taxes paid upon them.

It is claimed by counsel for plaintiffs in error that the trial court seems to have conceived the idea that there could not be a dedication except by writing, and that the undisputed testimony shows the intention on the part of Benjamin, as long as he was a proprietor, to dedicate the whole of the east half of the block; that McClure knew of this intention and acquiesced in it for many years, and that, irrespective of the conduct of the defendant, the acts and declarations of Benjamin amounted to a completed dedication. Of course lands may be dedicated to the public use without any written instrument executed for that purpose; but we think counsel insists on too close and narrow a construction of particular portions of the evidence. We do not think the trial court was bound to take the statements of witnesses as to the acts and declarations of Benjamin as conclusive on the question of dedication. Where a dedication is made by parol, there must generally be an acceptance by the public. (*Cemetery Association v. Meninger*, 14 Kas. 312.)

It was incumbent on the court to weigh all of the facts and circumstances affecting the alleged dedication occurring contemporaneously with the acts and declarations relied on. The execution and acknowledgment of a map which designated the southeast part of the block as lots is a circumstance, and a very strong one, negativing the plaintiffs' claim. The county surveyor, Mumaw, who was called by the plaintiffs, testified that he settled in Greeley in 1859, and followed surveying at that time, and soon after that he noticed stakes about the southeast quarter of block 49, indicating that it was divided into lots of the usual size. A deed of partition, executed by the original proprietors of the town site November 7, 1860, showed Jacob Benjamin's share to include lots 1, 2, 3, and 4, in block 49. Benjamin and wife conveyed their interest in the east half of section 30, the description of which included the lots in controversy, to the defendant on

July 17, 1866, and at the same time delivered to him a plat, which showed the existence of these lots.

We think the recorded map and the conveyances executed within a comparatively short time after the town site was laid off furnished strong evidence in support of the defendant's rights; and, where the finding of the court is in his favor, we must also accept his statements that these lots were assessed, and taxes thereon paid by him during the early years under a general description by acres, as before mentioned. While there is evidence in the record to support the plaintiffs' theory of the case, it is contradicted as to essential particulars, and the trial court, exercising its unquestioned power, has resolved all doubtful questions of fact in the defendant's favor. There is no well-defined question of law based on an undisputed state of facts presented for our consideration, and the judgment must be affirmed.

All the Justices concurring.