No. 18,736.

THE CITY OF KANSAS CITY, KANSAS, *Appellee*, v. JAMES J. BURKE et al., *Appellants*.

OPINION DENYING A REHEARING.

SYLLABUS BY THE COURT.

1. HIGHWAY — *Obstruction — Injunction Proper Remedy*. Injunction is an appropriate remedy to prevent the closing or obstructing of a public highway.

2. HIGHWAY—*Title Only Incidentally Involved—Not Entitled to Jury Trial*. Usually in actions to enjoin the closing or obstructing of a public road, title is only incidentally involved, and the mere filing of an answer setting up title in the defendant and denying the existence of a highway will not give him the right to a jury trial.

3. HIGHWAY — *Dedication by the Owner — Acceptance and User by the Public*. In an action by the public authorities to enjoin the obstruction of a public highway the judgment recited a finding that the road was laid out and established as a county road by viewers appointed for the relocation and resurvey of a certain road in 1886, upon actual view and in the presence of the then owner of the land, and since that time has been a traveled public highway. *Held*, that the facts recited are sufficient to support a claim of dedication by the owner and acceptance and user by the public, and to sustain a general judgment in favor of plaintiff.

4. HIGHWAY — *Dedication, a Conclusion of Law from Facts*. Whether a road has been established by dedication is a conclusion of law from facts stated or found. Where the petition alleges facts sufficient to show a dedication by conduct of the owner of the land and acceptance and user by the public, dedication may be relied upon without the use of that word in the petition.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion denying a rehearing filed November 14, 1914. (For original opinion of affirmance see 92 Kan. 531, 141 Pac. 562.)

*Thomas J. White, Henry Meade,* and *W. C. Rickel,* all of Kansas City, for the appellants.

*R. J. Higgins,* and *W. H. McCamish,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

PORTER, J.: In an application for a rehearing much stress is laid upon the claim that appellants were entitled to a jury trial, and that injunction is not the proper remedy to prevent the obstruction of a public highway except where the existence of the highway is conceded. It is argued that in such an action, whether the plaintiff seeks to show the establishment of a public highway by condemnation, prescription or dedication, the mere filing of an answer setting up title in the defendant and denying the existence of a highway entitles the defendant to a jury trial to determine the question of title. But in almost every instance where the public authorities seek to enjoin the obstruction of a highway, title is incidentally involved; the fact of obstruction is usually admitted, and the defense made that no highway exists. Additional authorities need not be cited to show that injunction is a proper remedy to prevent the closing or obstructing of a public road. The appellants were not entitled to a jury trial.

It is further argued with much insistence that the decision affirming the judgment of the lower court is wrong for the reason that it is based upon evidence showing a dedication, whereas the city, in its petition, claimed a right only under proceedings brought by the county in 1886 for a review and relocation of a highway; that the record of the proceedings introduced in evidence by the city shows that the proceedings were irregular and void; and it is said that this court concedes the illegality of those proceedings, but, to the prejudice of the appellants, affirms the decision because a dedication was in fact shown. We can not concur in the statement of appellants that "the lower court did

not find that the claimed road had been established or became a road either by prescription or by dedication; and found no facts which could warrant or justify an appellate court to hold, as a matter of law, that a dedication had been made."

The journal entry of judgment recites that the trial court found that the road in controversy was laid out and established as a county road by the viewers appointed in proceedings for the relocation and resurvey of the Morash road in 1886 "upon actual view, and in the presence of Martin Stewart, the then owner of said land, and since said time has been a traveled public highway." It appears, therefore, that the trial court, although not finding the facts in detail, went further than to rest its decision upon the road proceedings alone, and found that in 1886 the road had been relocated and resurveyed in the presence of the then owner of the land, and since that time has been a traveled public highway. These facts are sufficient to show a dedication. (See authorities cited in original opinion, 92 Kan. 531, 141 Pac. 562.) The plaintiff might have amended its petition even after judgment, and alleged a dedication by the acts and conduct of Martin Stewart. The court will not reverse the judgment on the technical claim that a dedication, though established by proof, was not in terms alleged in the petition. The appellant would not be benefited by a new trial upon an amended petition. Moreover, the petition itself alleges that the road was changed in 1886, that Stewart, then owner of the land, signed the petition for the change and accepted and received the damages, that the road was in fact changed and straightened through the land in controversy, and has remained a public traveled road since that time. While the petition does not in terms allege a claim under a dedication, the allegations are broad enough to admit the proof and to sustain the finding and judgment. Whether a road has been established by dedication is a conclusion of law from facts,

and if the facts are stated, the plaintiff need not label his cause of action; that is never necessary. (*Way v. Bronston,* 91 Kan. 446, 448, 138 Pac. 601; *Falk v. Burke,* ante, pp. 93,.106, 143 Pac. 498.)

The application for a rehearing quotes a portion of the cross-examination of the witness Martin Stewart, tending to show that the fifty dollars paid to him as damages was for land in section 32 and not for a right of way across the land now owned by the appellants; and it is insisted.that the road which was attempted to be laid out in 1886 was across other land. It was suggested in the opinion that whether he accepted damages for the land in controversy would make no difference, because "his other acts were sufficient to show a dedication." Besides, he testified that the viewers passed over and across a portion of the land now owned by the appellants; that "they viewed for a road across my land, and they went across where the so-called 'Cinder Road' is now." We have carefully reëxamined the record and can not concur in the statement of counsel "that there is no evidence that Stewart ever fenced this land or any part of it." In appellants' abstract appears the testimony of Martin Stewart that a part of the land was fenced south of this angling road, and that he used it for a pasture for a time, and left the fence there when he sold the land. This angling road runs in a northwesterly direction across appellants' land, and we understand Stewart's testimony to mean that the fence was at the south side of the road.

The rehearing is denied.