INCORPORATED TOWN OF POLK CITY, Appellee, v. R. P. J. GEMRICHER, Appellant.

**MUNICIPAL CORPORATIONS:** Equitable Action to Remove Street Obstruction. A municipality may proceed in equity for the removal of a privately maintained obstruction in the public street: e. g., platform scales.

*Appeal from Polk District Court.*—THOS. J. GUTHRIE, Judge.

JANUARY 22, 1919.

SUIT for a mandatory writ to compel defendant to remove an alleged obstruction from one of the principal streets of plaintiff incorporated town. Decree as prayed.—*Affirmed.*

*E. S. Schuetz,* for appellant.

*Mulvaney & Mulvaney,* for appellee.

STEVENS, J.—Plaintiff alleged in its petition that the defendant has built and maintains platform scales on one of its principal streets for personal profit, and that same is so constructed as to create a nuisance. Defendant, in answer, admitted that he maintained scales in the street, but denied that same create or constitute a nuisance, and

averred that he has maintained and operated same with the knowledge and consent of plaintiff, its officers, and agents, and that his right to do so has never been revoked.

Two principal grounds relied upon for reversal are: (a) That plaintiff has a plain and adequate remedy at law; and (b) that no special injury to plaintiff is alleged or proven, and that plaintiff is without authority to maintain a suit in equity to compel the removal of an obstruction from its streets.

Platform scales have apparently been maintained by the defendant and others at the place in question, since about the year 1883. The evidence tends to show that the surface water is obstructed thereby in a way to cause gutters to be washed in the unpaved street, and, at times, to become muddy, and that, in winter, the same causes ice to form on the adjacent sidewalk. It does not appear from the record whether any other consent than that which may be implied from the lapse of time was ever given defendant to erect or maintain the scales in the street; but before suit was commenced, the town council caused a written notice to be served upon him, demanding that he remove the scales within fifteen days.

Section 753 of the Code confides the care, supervision, and control of streets to cities and incorporated towns, and requires that same be kept open, in repair, and free from nuisance. It is not denied by counsel for appellant that plaintiff, acting through its proper officers, had the right to revoke permission, if any was ever granted defendant, to maintain scales upon the street; but, as we understand counsel, it is his contention that the officers of plaintiff should have proceeded summarily to remove the scales, instead of resorting to a suit in equity. We held, in *Emerson v. Babcock*, 66 Iowa 257, that:

"The fee title of the streets is in the incorporated town, and no private person has any legal right to erect any

structure therein for the purpose of carrying on his private business; and if, having done so, he is required to remove his building or structure, of whatever it may be, from the street, he has no cause of complaint. He is deprived of no right. If the plaintiff was permitted to maintain his scales in the street for a time, the privilege must be regarded as a mere license, which may be terminated at any time, and it is immaterial whether the erection in the street amounts to a nuisance. It is the duty of the town authorities to keep the streets clear and unobstructed, and no person has the right to take and hold possession of any part of the streets for any private purpose."

See, also, *Lacy v. City of Oskaloosa,* 143 Iowa 704; and *Callahan v. City of Nevada,* 170 Iowa 719.

But, conceding the authority of plaintiff, in its corporate capacity, to cause the scales to be removed, is the remedy thus provided exclusive, or may such municipality, by proper proceeding, invoke the aid of a court of equity in causing obstructions to be removed from its streets, and to abate a nuisance existing therein? Counsel for appellant cites and relies upon *City of Ottumwa v. Chinn,* 75 Iowa 405; but this case is not in point. The city of Ottumwa sought to enjoin the defendant from maintaining a slaughterhouse at a place within the city, where it was obnoxious to residents in the vicinity thereof, and which, it was charged, was injurious to the health and comfort of the inhabitants of said city. The court held that plaintiff did not have such special interest in the matter complained of as entitled it to maintain a suit to enjoin or abate it as a nuisance. In the case at bar, the evidence shows that the scales tend to create a nuisance in the street, and constitute an obstruction to travel. Section 753, as above stated, requires that cities and incorporated towns keep their streets in repair and free from obstruction. Not only is this true, but such municipalities may be liable for damages caused

by obstructions in the streets.  It has been generally held that, where the duty of maintaining the streets in repair and free from obstructions is confined to municipalities, they have such interest as entitles them to maintain a suit in equity to enjoin obstructions in the streets, and to abate nuisances therein.  *City of Waterloo v. Waterloo, C. F. & N. R. Co.,* 149 Iowa 129; *City of Sioux City v. Simmons Hdw. Co.,* 151 Iowa 334; *Wendt v. Incorporated Town of Akron,* 161 Iowa 338; *City of Waterloo v. Waterloo St. R. Co.,* 71 Iowa 193; *City of Jordan v. Leonard,* 119 Minn. 162 (137 N. W. 740) ; *Town of Burlington v. Schwarzman,* 52 Conn. 181; *Town of Jamestown v. Chicago, B. & N. R. Co.,* 69 Wis. 648 (34 N. W. 728) ; *Mayor, etc., Jersey City v. Central R. Co.,* 40 N. J. Eq. 417 (2 Atl. 262) ; *City of Huron v. Bank,* 8 S. D. 449 (66 N. W. 815) ; *City of Watertown v. Cowen,* 4 Paige (N. Y.) 510; *Yates v. Warrentown,* 84 Va. 337 (4 S. E. 818) ; *Demopolis v. Webb,* 87 Ala. 659 (6 So. 408) ; *Metropolitan City R. Co. v. City of Chicago,* 96 Ill. 620; *City of Rockland v. Rockland Water Co.,* 86 Me. 55 (29 Atl. 935) ; *Inhabitants of Twp. of Raritan v. Port Reading R. Co.,* 49 N. J. Eq. 11 (23 Atl. 127) ; *City of Kansas City v. Burke,* 92 Kan. 531 (141 Pac. 562), 93 Kan. 236 (144 Pac. 193) ; *City of Eau Claire v. Matzke,* 86 Wis. 291 (56 N. W. 874) ; *Waukesha Hygeia Min. Spring Co. v. Village of Waukesha,* 83 Wis. 475 (53 N. W. 675) ; *City of Santa Ana v. Santa Ana Valley Irrig. Co.,* 163 Cal. 211 (124 Pac. 847) ; *Pickrell v. City of Carlisle,* 135 Ky. 126 (121 S. W. 1029) ; *Village of Buffalo v. Harling,* 50 Minn. 551 (52 N. W. 931) ; *City of Lamoure v. Lasell,* 26 N. D. 638 (145 N. W. 577) ; *Stevens v. City of Muskegon,* 111 Mich. 72 (69 N. W. 227).

The right of cities and incorporated towns to maintain a suit in equity to enjoin the obstruction of the streets thereof, it will thus be seen, rests upon the same principle as the right of an individual to maintain a suit to enjoin the

maintenance of a nuisance causing him special damages. Courts of other jurisdictions have held that a municipal corporation may maintain a suit in equity to abate a nuisance, even though a summary remedy is also provided; and we see no reason why this right should be denied in this state. *American Furniture Co. v. Town of Batesville,* 139 Ind. 77 (38 N. E. 408); *City of New York v. Knickerbocker Trust Co.,* 104 App. Div. 223 (93 N. Y. Supp. 937); *City of New York v. De Peyster,* 120 App. Div. (N. Y.) 762 (105 N. Y. Supp. 612), affirmed without opinion in 83 N. E. 1123; *City of Elkins v. Donohoe,* 74 W. Va. 335 (81 S. E. 1130); *City of Jordan v. Leonard,* 119 Minn. 162 (137 N. W. 740).

The court below ordered the issuance of a mandatory writ for the removal of the scales. The decree thus entered appears to be in harmony with the undisputed evidence in the case, and will not be interfered with.—*Affirmed.*

LADD, C. J., GAYNOR and PRESTON, JJ., concur.